2  228
44a 599

## ALEXANDER v. HADEN.

Where a judgment is rendered in a suit by attachment, on an affidavit not warranted by the statute, the judgment will be set aside for irregularity, even after the lapse of several years.

ERROR from the Howard Circuit Court.

WASH, J., delivered the opinion of the Court.

At the July term of the Howard Circuit Court, 1828, Haden, the defendant in error, instituted suit and sued out an attachment against Alexander, the plaintiff in (229) error, who failed to appear at the return term of the writ. An order of publication was awarded and duly published, and at the November term, 1828, judgment was entered against Alexander, who, at the last July term of said Circuit Court, moved said Court to set aside the judgment and proceedings on account of irregularity. The Court below overruled the motion, and this writ of error is prosecuted to reverse that decision.

The only point made by the plaintiff in error in the Court below, and insisted on in this Court is, that the affidavit on which the attachment was sued out is insufficient. The affidavit is in the following words: Joel H. Haden, pl'ff., v. Samuel Alexander, def't. "Joel H. Haden, the plaintiff in this action, makes oath and says, that Samuel Alexander, the defendant in said action, is justly indebted to him in the sum of sixty-five dollars, and this affiant verily believes that the said defendant is not a resident of this State." For the defendant in error it is insisted that the motion in the Circuit Court to set aside the proceedings was made too late. On both points the law is with the plaintiff in error. The affidavit does not conform to the statute, and is clearly defective. The case of Lane v. Fellows, 1 Mo. R., 353, is in point. There is no force in the objection that the motion to set aside for irregularity was made too late. In 7 John. R., p. 556, it is held that after the lapse of

twenty years a judgment ought not to be set aside for irregularity.   In 13 *John. Rep.* p. 550, and 2 *Bay.* p. 333, it is held that irregular judgments will be supported in some cases after a lapse of less than twenty years, when attempts are made to set them aside by collateral actions.   No precise period seems to be fixed, but all the authorities go to sustain the motion at much later periods than that at which it was made in the case now under consideration.   Upon the whole, therefore, the Circuit Court erred in overruling the motion to set aside the judgment for irregularity, and its judgment thereon is reversed, and this cause remanded to be proceeded in in conformity to this opinion.