Griffith *v.* Deerfelt et al.

———◦◦◦◦———

GRIFFITH AND GRIFFITH, Respondents, *vs.* DEERFELT AND POWELL, Appellants.

1. Although our statute allows an action of ejectment to be maintained or defended upon an entry with the register and receiver, yet it is only where the adverse party has not a better title. A patent is a better legal title than such an entry.

*Appeal from St. Charles Circuit Court.*

*Hunt* and *Krekel,* for appellants. The rejection of the claim of Griffith by the register was conclusive against his rights. The further proceedings, after this rejection, and after the expiration of the preëmption laws, were without authority, and the patent issued thereon is void. *Morton* v. *Blankenship,* 5 Mo. Rep. 356. *Groom* v. *Hill,* 9 ib. 323. *O'Hanlon* v. *Perry,* ib. 809. *Perry* v. *O'Hanlon,* 11 ib. 589. *Pettigrew* v. *Shirley,* 9 ib. 687. *McDaniel* v. *Orton,* 12 ib. 12. *Patterson* v. *Winn,* 11 Wheat. 380. *Stoddard* v. *Chambers,* 2. How. 318. Ib. 344.

*J. D. Coalter,* for respondents. 1. A patent is a better title than an entry with the register and receiver. *Bagnell* v. *Broderick,* 13 Peters, 436. *Wilcox* v. *Jackson,* ib. 498. 2. Griffith's claim to a preëmption was good. The decision of the register and receiver, acting with the advice of the commissioner of the general land office, is conclusive. *Perry* v. *O'Hanlon,* 11 Mo. Rep. 591.

Cayce *v.* Ragsdale.

GAMBLE, Judge, delivered the opinion of the court.

This was an action of ejectment to recover a tract of land in St. Charles county. The plaintiffs claimed under a patent from the United States, dated April 10, 1843, conveying the land to Daniel Griffith, the ancestor of the plaintiffs. The entry on which this patent issued was made January 23, 1839, under a claim to a preëmption; the claim having been exhibited to the register and receiver in June, 1836. The defendants claimed under an entry made on the 4th of March, 1836, and gave evidence to invalidate Griffith's claim to a preëmption. The Circuit Court instructed the jury that the patent to Griffith was a better title than the entry of the land made in March, 1836. Instructions were asked by the defendants relating to the preëmption claim of Griffith, which the court refused. Judgment was given for the plaintiffs.

1. Although our statute allows an action of ejectment to be maintained or defended upon an entry with the register and receiver, yet it is only where the adverse party has not a better title to the land. The Supreme Court of the United States, which possesses the ultimate jurisdiction of questions arising under the laws of the United States and in relation to titles derived from the United States, has so conclusively settled the doctrine that a patent is a better legal title than an entry with the register and receiver, that there is now no propriety in discussing the question. *Bagnell* v. *Broderick*, 13 Pet. Rep. 436. *Wilcox* v. *Jackson*, ib. 498.

Let the judgment be affirmed, with the concurrence of the other Judges.