CARMAN, Appellant, vs. JOHNSON, Respondent.

1. It is settled that the fee of land disposed of by the United States remains in the government until a patent issues, and that a patent is a better legal title than a prior entry.

2. A patent may be obtained under such circumstances that the patentee will hold the title in trust for the party making the prior entry, and may be compelled to convey by a proceeding in equity.

3. Under the new practice, a party who relies upon facts which would constitute a ground of equitable relief as a defence to an ejectment, must set them out in his answer with the same particularity that would formerly have been necessary in a bill in chancery.

4. The mere statement in an answer that the defendant's entry was prior to the entry upon which the plaintiff's patent issued, is no ground of equitable relief.

*Appeal from Clark Circuit Court.*

This was an action for the possession of forty acres of land, which the plaintiff claimed under a patent from the United States, dated April 19, 1850. The defendant claimed the land under an entry with the register and receiver of the land office at Palmyra, dated June 21st, 1847. Under the instructions of the Circuit Court, the substance of which is stated in the opinion of Judge Gamble, the plaintiff submitted to a nonsuit, and after an unsuccessful motion to set the same aside, appealed to this court.

*Dryden*, for appellant. 1. When there is authority in the officer issuing a patent to issue it, all enquiry into the regularity of his conduct in issuing it is precluded, except in a direct

proceeding to vacate it. (*Allison* v. *Hunter*, 9 Mo. Rep. 758.) 2. A patent is a better legal title than an entry. (R. C. 1845, tit. Ejectment, §2, p. 440. *Allison* v. *Hunter*, 9 Mo. Rep. 758. *Bagnell* v. *Broderick*, 13 Peters, 436. *Griffith* v. *Deerfelt*, 17 Mo. Rep. 31.)

*Anderson* and *Richmond*, for respondent. 1. The entry of Johnson entitled him to the patent, and a subsequent entry by Carman was illegal, and the patent issued thereupon void. (*Groom* v. *Hill*, 9 Mo. Rep. 320. Id. 473, 741.) 2. Johnson's entry was *prima facie* correct, and no sufficient evidence was offered to rebut the presumption of its correctness.

GAMBLE, Judge, delivered the opinion of the court.

The plaintiff claims the land in controversy in this ejectment under a patent. The defendant sets up an entry older than the patent, and denies that, after his entry, the United States had a right to sell the land to the plaintiff, or to issue a patent, and alleges that the plaintiff obtained the patent by fraud, and that therefore it is void.

Evidence was given for the purpose of showing that the plaintiff, having entered by mistake a different tract of land, had applied to have the entry cancelled, and to have the money applied to the entry of the land now in dispute; such applications could only be acted upon and decided by the commissioner of the general land office; and that, pending the plaintiff's application before that officer, the defendant had been permitted to enter the land, upon condition that the entry was to be vacated if the application of plaintiff was sustained; that the plaintiff's application was sustained, and the officers of the land office vacated the entry of defendant and issued a patent to the plaintiff.

The Circuit Court, in the two instructions given at the request of the defendant, and which are the only instructions given, required that the plaintiff, in order to a recovery in this ejectment, should show facts anterior to his patent and prior to

the entry of defendant. The first of these instructions required that he should show an application to the register, made in a particular manner, and prior in time to the defendant's entry, or he could not recover. The second lays down the law broadly that he could not recover without showing an application *and entry* older than the defendant's entry.

The Supreme Court of the United States has repeatedly declared that the fee in land disposed of by the United States remains in the government until the patent issues, and this court has followed those decisions, acknowledging their obligation. In the present case, two parties claim the right of entering a particular portion of public land, and a controversy is carried on before the officers of the land department. The decision is in favor of the plaintiff, and his entry is recognized and the patent issues to him. The fee in the land is thus vested in him, and if there is any equity in favor of defendant, which would make the plaintiff a trustee of the fee for his benefit, that equity is to be enforced, not by declaring the patent void, but by a proceeding by which the fee would be transferred from the plaintiff to the defendant. If the defendant had a patent junior to that of the plaintiff, it might answer his purpose to have the elder patent declared void. The present action is simply an action of ejectment, and the parties rely on a patent on one side and an entry on the other. Between two such titles, as giving the right to possession, the law gives effect to the patent, in such action. ( *Griffith* v. *Deerfelt & Powell,* 17 Mo. Rep. 31.) Nor does the effect of the patent depend upon the mere fact of priority of entry, for if the patent issues on the junior entry, it still transfers the fee which remained in the government after the first entry.

If the patent was obtained under such circumstances as would make the grantee in it a trustee for another, the mode of enforcing such equity, under our former practice, was to file a bill in a court of equity to compel a conveyance of the title held under the patent. If the same facts that would be sufficient to compel such conveyance can be available under our

present practice, in the defence of an ejectment for the possession, they must be set up in the answer, with the same particularity that would be necessary in a bill in chancery.

The answer, in the present case, merely sets up the entry of defendant as prior to the date of the *plaintiff's patent*, and alleges that the patent was illegally and fraudulently obtained, and was, therefore, void. If the present defendant had sought, in a court of equity, to divest the plaintiff of the fee acquired by the patent, he would have stated the time when the plaintiff entered the land in the land office, and the circumstances under which the entry was permitted by the officers; whether under a mistake or upon false representations made by the plaintiff, setting forth the facts in relation to the mistake, or the representations made. In like manner, any other ground of equitable claim to the land, as against the grantee in a patent, would have been stated in a bill with precision. The only fact alleged in the answer in this case is, the fact that the defendant entered the land prior to the issuing of the plaintiff's patent. It is true that it is, in parts of the answer, assumed that the entry by the plaintiff was after that by the defendant, but it is not any where stated distinctly as a fact, that the entry by plaintiff was the junior entry. The date of it is not stated in the answer. Now the fact that the defendant's entry is older than the plaintiff's patent, is consistent with the fact that the entry upon which that patent issued may have been older than that of the defendant. But if it be assumed that the patent issued to plaintiff upon a junior entry, still, if in any case, under the laws of the United States and practice of the government, a patent could rightfully issue upon such junior entry, the mere statement that the defendant's entry was the elder, is not of itself the statement of a ground for equitable relief, for, in favor of the patent, the presumption will be made that the facts warranted the officer in issuing it. The record, in this case, shows that evidence was given upon the trial for the purpose of establishing the facts that Carman, the plaintiff, had, by mistake, made an erroneous entry upon other land, and that he had made an application to have the error corrected and the

money applied to the purchase of the land in question, and that this application was pending in the general land office when the defendant's entry was made. This proceeding was under the act of March 3, 1819, (3 U. S. Stat. 526.) Without expressing any opinion upon the question, whether the evidence given established the fact of such application having been made before the defendant was permitted to enter the land, it is sufficient to say that it was a proper execution of that act, upon an application being made to correct the error in the previous entry, and apply the money to the payment for another specified tract, to hold the tract thus applied for as exempt from entry by others. At least, the officers of the government, in giving such construction and effect to the act, would not be regarded as attempting to exercise a power injurious to others. In such case, if the defendant succeeded in obtaining permission from the register to enter the land, it would be but the just exercise of the powers of the land department to refuse to recognize the entry of the defendant, provided the application of the plaintiff to correct the error in his previous entry was sustained, and his right to purchase the land entered by defendant was recognized. In such case, it is not believed that a court of equity would interfere to divest the title held under the patent. This, then, would be one case in which the mere priority of entry would create no equity against the person holding the patent under the junior entry, and this is only given as an instance. Other cases might be stated in which a court of equity would not disturb the title held under the patent, although another person had made the first entry.

The answer, then, in this case, if it be understood to allege that the defendant's entry was the elder, does not, by that statement alone, make a case for equitable relief, and the instructions of the the court, which required the plaintiff to go beyond his patent and prove an entry prior to that of defendant, were erroneous. The defendant, if he has a claim upon the courts to interpose for his relief, must show it more specifically.

The judgment is, with the concurrence of the other judges, reversed, and the cause remanded.