ANDREW A. LeBEAU, Plaintiff in Error, *v.* JAMES ARMITAGE, Defendant in Error.

1. *Lands and land titles — Confirmation — Patent — Equitable title — Ejectment.*— The legal title to lands confirmed under act of Congress of March 3, 1807 (2 U. S. Stat. 401), remains in the United States until the government issues its patent. The confirmation, therefore, vests in the confirmee nothing more than an equitable title, and such title constitutes no defense to a suit in ejectment as a matter of evidence, unless pleaded or in some way set up as an equitable bar to the action.

### Error to St. Louis Circuit Court.

This was an action of ejectment. At the trial plaintiff put in evidence an act of Congress, approved April 12, 1866 (14 U. S. Stat. 580), confirming to Augustin Amiot or his legal representatives a certain described lot in block 46 of the city of St. Louis. It was admitted that the plaintiff was the legal representative of Augustin Amiot. The defendant put in evidence the proceedings of the old board of commissioners, confirming to the legal representatives of J. B. Provenche a tract of land containing one and a half by three arpens of land, covering the whole of block 46. This act of confirmation bears date December 6, 1811. The survey of this confirmation, No. 319, was also put in evidence, and it was admitted that defendant was the legal representative of J. B. Provenche. Judgment was for defendant. For statement see also opinion of court.

*Reber & Morehead*, for plaintiff in error.

I. Defendant had no legal title, and could have none until a patent issued on his confirmation. (Act of Congress, March 3, 1807, § 6 ; 2 U. S. Stat. at Large, 440–1 ; Landis v. Brant, 10 How. 373–4 ; West v. Cochran, 17 How. 415–16 ; Burgess v. Gray, 16 How. 48.)

II. If the plaintiff may be supposed to have an equitable title, still the legal title must prevail over it in ejectment. (Bagnell v. Broderick, 13 Pet. 436 ; Wilcox v. Jackson, *id*. 498 ; Griffith v. Deerfelt, 17 Mo. 31 ; Carman v. Johnson, 20 Mo. 108 ; Hooper v. Scheimer, 23 How. 236.)

III. Defendant has no title under our statute to maintain ejectment, and of course can not defend against the legal title. (Gen. Stat. 1865, p. 607, § 2.)

IV. Defendant, if he has an equitable title (which is not admitted), not having such an equitable title as will maintain ejectment under the statute, is thrown back upon the common law ; and according to that law the plaintiff must have the legal title to maintain ejectment, and of course to defend against the legal title. (Adams' Eject. 43 ; Fenn v. Holme, 21 How. 481 ; 23 How. 236 ; Hooper v. Scheimer, *supra*.)

*T. T. Gantt*, for defendant in error.

The second instruction asked the court to declare that the title shown by the confirmation and survey No. 319 was equitable only, and could not prevail against the legal title created by the confirmation. This instruction should have been refused. (See O'Brien v. Perry, 28 Mo. 500 ; 1 Black, 132.)

CURRIER, Judge, delivered the opinion of the court.

This case turns upon the question whether, prior to the issue of a patent, a title by confirmation, under the act of Congress of March 3, 1807 (2 U. S. Stat. 440–1), is sufficient to support or defend against an action of ejectment, the legal title being in the opposite party.

According to repeated decisions, the legal title to confirmed lands remained in the United States until the government issued its patent. (Carman v. Johnson, 20 Mo. 108 ; Burgess v. Gray, 16 How. 48 ; Hooper v. Scheimer, 23 How. 235.) The confirmation, therefore, could vest in the confirmee nothing more than an equitable title, and that is not sufficient at common law to maintain ejectment. (Adams' Eject. 43.)

The statute of 1845 (R. C. 1845, p. 440, § 2) expressly enacted that ejectment might be maintained upon a confirmation under the laws of Congress ; but that provision has since been repealed. It does not appear in any subsequent revision of the statutes, and is not now in force. The case is therefore left subject to the principles and rules of the common law. That

being so, the defendant's equitable title, acquired under the confirmation given in evidence, constituted no defense to the suit, not having been pleaded or in any way set up as an equitable bar to the action. (Carman v. Johnson, *ubi supra.*) If the defendant could avail himself of his supposed equities he should plead them, and give his antagonist an opportunity to respond to that form of defense.

The judgment will be reversed and the cause remanded. The other judges concur.