CUNNINGHAM *et al.* v. SNOW, *Appellant.*

1. **Ejectment**: SENIOR PATENT. In ejectment, where the issue under the pleadings is one at law, a senior patent will prevail over a junior one.

2. **Statute of Limitations**: COUNTY. The law of this State in force in 1858 did not exempt a county from the bar of the statute of limitations running against it.

3. ———: INFANCY. When the statute of limitations has begun to run, neither infancy nor anything else will interrupt it.

4. **Practice**: DECLARATIONS OF LAW. The court, sitting as a jury in the trial of a cause, should not deny to a party declarations of law applicable to the facts of the case.

*Appeal from Pemiscot Circuit Court.*—HON. J. D. FOSTER, Judge.

REVERSED.

*Ward & Ward* and *J. B. Dennis* for appellant.

(1) The appellant had the better paper title. (2) The appellant had also a good title under the statute of limitations, for the testimony that Snow had been in actual, continued, open, notorious, hostile and adverse possession of the premises under a warranty deed from Hill for about twenty-three years before the institution of this suit, and possession of any part of the tract was possession of the whole. *Bradley v. West,* 60 Mo. 33; *Key v. Jennings,* 66 Mo. 356; *Hamilton v. West,* 63 Mo. 93; *Crispen v. Hannaven,* 50 Mo. 536; *Rannels v. Rannels,* 52 Mo. 108. Even after the patents were issued in 1867 Cunningham could not defeat the running of the statute of limitations by conveying to his children, October 2nd, 1875. *Rogers v. Brown,* 61 Mo. 187; *Lander v. Perkins,* 12 Mo. 238; *Smith v. Newby,* 13 Mo. 159; *Williams v. Dongan,* 20 Mo. 186; *Dessaunier v. Murphy,* 33 Mo. 184.

*Lewis Brown* for respondents.

Pemiscot county had the legal right to convey the land in question to Powell, by its deed of August 5th, 1867; the destruction or cancellation of said deed would not re-vest the title in the county even by consent of the grantor and grantee. *Tibeau v. Tibeau,* 19 Mo. 80. The statute of limitations did not begin to run until the county had parted with its title, which was August 5th, 1867. R. S. 1865, p. 746, § 7. Cunningham's deed to plaintiffs is dated August 2nd, 1867, and at that time, as well as now, plaintiffs were minors, having the right of entry and of action, but against whom the statute does not run. R. S. 1865, p. 746, § 4; R. S. 1879, § 3222.

PHILIPS, C.—This is an action of ejectment to recover eighty acres of what is known as swamp land, ceded to the State by the act of congress of date September 25th, 1850,

I.   As both parties claim title under the county, it is: conceded the title was in the county in 1857.   It may be,. also, observed that from the manner of the trial of the: cause, it is manifest that both parties concede that the land! was swamp land in contemplation of the several acts, con-- gressional and legislative, under which it was ceded.   By act of the legislature, approved February 27th, 1857, (Laws: Mo. 1856-7, § 1, pp. 271, 272,) it is provided that the county court of Pemiscot county, when "satisfied that full pay- ment has been made according to the terms of sale for any of the swamp lands sold as swamp land, etc., shall cause to be issued to the purchaser a patent therefor."   Section 2 prescribes the essential recitals of such patent, and by whom it shall be executed.   The patent to Powell is in con-- formity with this statute, as to matter of form; and was. effectual to pass the title of the county to this land and vest it in Powell, provided the title was in the county at. the time of issuing the patent.

The patent read in evidence by defendant was junior in date, and, of course, did not convey any legal title to the patentee, as it had already passed under the antecedent grant to Powell.   To meet this aspect of the case, the de- fendant introduced as a witness one Faust, who testified that as acting register of the land office of that county, in 1857, he cancelled the prior certificate of entry issued to Powell on account of some supposed or proven fraud Pow- ell had perpetrated upon the county in a contract for im-- provements; and that he permitted Hill to enter the land and issued him a certificate.   Reliance for the authority of this official's act is placed, by appellant's counsel, on section 17 of the act of the legislature in relation to swamp lands in certain counties, approved March 1st, 1855.   Laws Mo. 1855, p. 157.   It is too palpable for argument that this section has no application to such entries as these.   It ap- plies solely to pre-emption claims, and controversies arising thereunder, between pre-emptors, of a specified class, and limited as to time of entry.   Neither Powell nor Hill were.

and afterwards ceded by the State to Pemiscot county. Both parties claim under the county. It appears from the evidence that one Powell entered this land in 1857, and received therefor from the proper officer a certificate of entry. Powell contracted this with other lands, to one Franklin Cunningham; but failing to make deed therefor, the title of Powell was by the judgment and decree of the circuit court of said county divested out of him and vested in said Franklin Cunningham. The date of this judgment does not appear from the record before us. In 1875, Cunningham conveyed to the plaintiffs by warranty deed in consideration of love and affection he bore them as his children. The plaintiffs are minors.

On the 5th day of August, 1867, the county, by the presiding judge of its county court, attested by the clerk, made and delivered a patent to said land in favor of said Powell, his heirs and assigns. The defendant's claim to title is as follows: In 1857, but subsequent to Powell's entry and purchase, one Hill entered this same land and received from the same officer a certificate of entry. The register of the county land office testified, in substance, that he discovered that Powell's entry was fraudulent in some way, and he set it aside, cancelled the entry, and permitted Hill to enter it. In November, 1857, Hill conveyed by deed of warranty to defendant.

In 1867, but subsequent to the issue of the patent to Powell, the county executed a patent to said land in favor of Hill. Defendant, also, pleads the statute of limitations, alleging and proving, if his evidence is to be credited, that he had held adverse possession of said land since 1858.

The trial was had before the court sitting as a jury. The court declined to consider any instructions in the case, for the reason that the cause was heard by the court and not by a jury. The court found the issues for plaintiffs, and entered judgment accordingly. After ineffectual motions for new trial and in arrest, the defendant has brought the case here on appeal.

pre-emptors in contemplation of this statute. They were purchasers simply in 1857. It must follow that this act of Faust was a naked assumption of authority. He was clothed with no jurisdiction over the subject matter. His act, therefore, was a nullity. The statute creating his office was both the source and limit of his duties and powers.

What this witness meant in stating that he cancelled Powell's certificate of entry, is not very clear. For he states in the same connection that he "filed it in the office of the county clerk of Pemiscot county." Why he should so file it after its cancellation, is not explained. Evidently what he is pleased to designate as a "cancellation," was not indorsed on the certificate, otherwise it is singular that the county court would afterwards base the issue of the patent to Powell thereon. Be this however as it may, the subsequent issue of the patent by the county court to Powell, with the statutory recitals, was presumptive evidence that Powell had conformed to the law entitling him to a deed, and was, by express provision of said section 2, act of 1857, *supra*, " at all times, and in all courts, and other places * * *prima facie* evidence of title to the lands and real estate therein named." This, under the pleadings, being a naked action of ejectment and an issue at law, the senior patent must prevail over the junior. *Allison v. Hunter*, 9 Mo. 750; *Griffith v. Deerfelt*, 17 Mo. 31; *Carman v. Johnson*, 20 Mo. 110; *Steel v. Smelting Co.*, 106 U. S. 447; *U. S. v. Atherton*, 102 U. S. 372; *Smelting Co. v. Kemp*, 104 U. S. 636.

II. There was no objection to the introduction in evidence of the judgment divesting the title of Powell and vesting it in Cunningham, nor to the deed from Franklin Cunningham to these plaintiffs. On their face they were sufficient to pass the legal title of Powell, acquired under his patent.

III. The defendant, however, interposed the plea of the statute of limitations. On the evidence introduced by him, if credited, we do not perceive why this defense did not avail, except it be on the theory entertained by the

court that the statute of limitations does not apply to this case. The evidence of defendant was that: "I took possession of this land in 1858, under my deed from Hill, and have been in actual, open, notorious, adverse and hostile possession of it ever since." There were other corroborative facts and circumstances in evidence of this statement of defendant. There was no countervailing proof. If this testimony is credible, the title, by limitation, is clearly in the defendant. Although Hill's deed to defendant may have been ineffectual to pass the legal title, it constituted color of title. And if the defendant entered into the possession thereunder, and he and his tenants, for the requisite ten years, consecutively, held the open possession of the land, as stated by him, under assertion of title, such facts as effectually vested the legal title in him and his assigns as if he held under a senior patent from the government, state or county. *Fugate v. Pierce,* 49 Mo. 441; *Nelson v. Brodhack,* 44 Mo. 596; *Hamilton v. Boggess,* 63 Mo. 233.

In answer to this plaintiffs' counsel contend that as this land belonged to the county the maxim, *nullum tempus occurrit regi,* applies; and, therefore, the statute of limitations did not begin to run until the title, the fee, emanated from the county in 1867; and as plaintiffs were then and yet are minors, their disability prevented the statute from running against them. This is no longer an open question in this court. It has been repeatedly held that under the statute in force in 1858, when the defendant claims his adverse possession began, the statute of limitations did apply to lands thus held by counties; and subsequent statutes expressly declare that the running of such limitation is not interrupted by anything contained in the subsequent enactments. *Abernathy v. Dennis,* 49 Mo. 468; *School Directors, etc., v. Georges,* 50 Mo. 196; *Burch v. Winston,* 57 Mo. 65. If the limitation did begin to run against Powell and Franklin Cunningham, the grantors of plaintiffs, its course was not interrupted by reason of plaintiffs' minority. There is no tacking of disabilities under our statute. When the

statute begins to run nothing stops it. *Smith v. Newby*, 13 Mo. 159; *Williams v. Dongan*, 20 Mo. 186; *Rogers v. Brown*, 61 Mo. 187.

IV. The trial of this case was had before the court, sitting as a jury. Complaint is made by appellant of the action of the court in refusing to entertain any instructions offered in the case. The court announced that, as the trial was before the judge, instructions were not permissible, and he would not give any that might be asked. In this the court was in error. This not being a proceeding in equity, nor upon an agreed statement of facts, but an action of law, the parties were entitled to demand a jury. In all such trials the parties are entitled to have declarations of law applicable to the case. The submission of the case to the court, sitting as a jury, in no wise takes away this statutory right. In no other way can it be ascertained upon what theory of law the court determined the cause. *Davis v. Scripps*, 2 Mo. 187.

In a case like this, a simple action of ejectment, on the general issue, tried before the court without the intervention of a jury, if there be no exceptions to evidence or other matter saved on the trial, and no declarations of law asked, given or refused, the finding of the court, on the facts, would not be reviewable here on appeal or writ of error. For the palpable reason that there would be no errors of record for the court to review. This has been repeatedly decided by this court. *Altum v. Arnold*, 27 Mo. 264; *Conran v. Sellew*, 28 Mo. 320; *Easley v. Elliott*, 43 Mo. 289; *Wilson v. Railroad Co.*, 46 Mo. 36; *Weilandy v. Lemuel*, 47 Mo. 322.

We think the ends of justice will be best subserved by remanding this case for re-trial on the merits, in accordance with this opinion. It is accordingly reversed and remanded. All concur.