HARBISON *et al.* v. SCHOOL DISTRICT NUMBER 1, *Appellant.*

1. **Practice : DECLARATIONS OF LAW.** In the trial of all actions at law the parties are entitled to have declarations of law applicable to the facts, and the waiver of a jury and submission of the case to the court sitting as a jury, does not take away this statutory right.

2. **Possession : COLOR OF TITLE.** Actual possession of a part of a lot by one claiming the whole under a deed giving color of title is equal to actual possession of the entire lot without color of title to any part of it.

*Appeal from Scott Circuit Court.*—HON. J. D. FOSTER, Judge.

REVERSED.

*Smith & Krauthoff* and *William Hunter* for appellant.

(1) In all trials at law the parties are entitled to have declarations of law applicable to the case. The submission of the case to the court sitting as a jury in nowise takes away the statutory right. In no other way can it be ascertained upon what theory of law the court determined the cause. *Cunningham v. Snow*, 82 Mo. 587, 593 ; *Davis v. Scripps*, 2 Mo. 187. (2) If the defendant entered into the possession under the lost deed, and for the requisite ten years, consecutively, held

the open possession thereof, as stated by the defendant's witnesses, under an assertion of title, such facts effect-ually vested the legal title in it.  *Cunningham, v. Snow*, 82 Mo. 587 ; *Hamilton v. Boggess*, 63 Mo. 233 ; *Fugate v. Pierce*, 49 Mo. 441 ; *Nelson v. Brodhack*, 44 Mo. 596.

*D. H. McIntyre* for respondents.

(1)  The practice is not to review the instructions given or refused when the cause is submitted to the court for trial.  *Robinson v. Rice*, 20 Mo. 229.  (2) The case may be summed up thus :  Plaintiffs in fact had the legal title to the lot in dispute, and showed this by their testimony.  But defendant's evidence tends to show that plaintiff was disseized in the latter part of February or first of March, 1872, and plaintiffs filed their petition March 31, 1882.  Defendant then had the necessary pos-session, but his claim was evidenced by no paper or color of title.  *Crispen v. Hannovan*, 50 Mo. 536, and cases there cited.   So that the judgment of the court was right. The defendant could only claim what it actually occu-pied.

HENRY, C. J.—Plaintiffs sued to recover possession of lot number fifty-seven in the town of Benton, Scott county.   The answer was a general denial and a plea of the statute of limitations.   On a trial of the cause by the court without a jury plaintiffs obtained a judgment for one-half of the lot and defendant has appealed.

Plaintiffs' title is based upon a deed executed by Joseph Hunter described in said deed "as commissioner of said town of Benton;" but there was no other proof that he was then (eighth January, 1840), commissioner of said town.   The town of Benton was the county seat of the county, and the deed recites, "That the late com-missioner for the location of the county seat of Scott county, and for the sale of lots in the town of Benton, had previously sold a number of lots, in the town of

Benton, at public sale, to different individuals, and that the county court of said county had subsequently, by its order, confirmed said sales and ordered the present commissioner to execute deeds to purchasers of said lots, or their legal representatives, upon payment of the money bid at said sale ;" and proceeds to convey the interest of the county in the lots so sold to the heirs of Thomas Houts, deceased. No particular lot is named. Other testimony was introduced by plaintiffs, who are the heirs of said Houts, which it is not deemed necessary to set out.

Defendant's testimony proved the order for selecting a school house site in the town of Benton, made in conformity with the statute, January 2, 1872, the selection of lot fifty-seven, the record of the county court of Scott, appointing James T. Allen commissioner for said county to convey said lot to defendant. Said Allen testified that as such commissioner he executed a deed, duly signed, acknowledged and delivered, conveying said lot to defendant. That said deed was afterwards lost, and he executed another deed. That the directors took possession of said lot under the first deed in February, 1872, that they had the lot surveyed in March, 1872, and then had lumber placed on it for building the school house, and that the building was commenced when the lot was surveyed. That no one was in possession of the lot, when defendant took possession. Leedy testified that he had seen the deed mentioned by Allen, and that the defendant went into possession of the lot under said deed. R. F. Allen also testified that he had seen said lost deed, and that the sills of the school house were laid down on said lot, in February, 1872. This suit was commenced March 31, 1882.

The court refused to give any instructions, because the case was tried "by the court without a jury." "This not being a proceeding in equity, nor upon an agreed statement of facts, but an action of law, the parties were

entitled to demand a jury. In all such trials the parties are entitled to have declarations of law applicable to the case. The submission of the case to the court, sitting as a jury, in no sense takes away this statutory right. In no other way can it be ascertained upon what theory of law the court determined the cause." *Cunningham v. Snow*, 82 Mo. 593 ; *Davis v. Scripps*, 2 Mo. 187.

The case at bar demonstrates the propriety of the practice indicated as correct in the foregoing cases. The testimony tended to prove that defendant had been in the open, notorious, continuous, adverse possession of the lot in controversy, for more than ten years before the institution of this suit. The court evidently so found, because the plaintiffs' paper title was as good for the one half of the lot as the other, and we assume that the court found against defendant as to the east half of the lot, because no building occupied that portion, and against plaintiffs as to the west, because defendant was in actual possession of that part, and had been for ten consecutive years before this suit was instituted. Evidently, the court did not regard the lost deed, under which defendant took possession of the lot, as giving color of title. In this the court erred. If such a deed was executed and delivered, it gave color of title and the actual possession of part of the lot, claiming the whole under the deed, was equal to actual possession of the entire lot, without color of title to any part of it.

The judgment is reversed, and the cause remanded. All concur.