HISEY *et al.* v. GOODWIN, *Appellant.*

1. **Fraudulent Conveyance** : MORTGAGE OF STOCK OF GOODS : MORTGAGEOR REMAINING IN POSSESSION : PRACTICE. A mortgage of a stock of goods, executed to secure certain notes, which provides that the mortgageor is to remain in possession until the notes mature, is not, on its face, as a matter of law, fraudulent as to creditors, it not appearing on the face of it that he was to sell the goods on his own account and make no return of the proceeds. Had these things appeared in the mortgage it would have been fraudulent in law, as against creditors, and if the evidence establishes them, it would be fraudulent in fact, and if it tends to establish them, the question of fraud should be submitted in appropriate instructions.

2. ———— : ———— : ———— : EVIDENCE. Evidence offered to show that on the day the mortgage was executed, suits were commenced against the mortgageor by his creditors, was admissible as bearing on the question of fact as to whether the mortgage was fraudulent.

3.. **Practice** : DECLARATIONS OF LAW. The court, sitting as a jury in the trial of a cause, should not deny to a party declarations of law applicable to the facts of the case.

*Appeal from Mississippi Circuit Court.*—HON. J. D. FOSTER, Judge.

REVERSED.

*J. J. Russell* for appellant.

(1) The mortgage of H. C. McGruder to his sister, the respondent, on his stock of goods, was a conveyance to the use of the grantor, and was void as to prior and subsequent creditors; not as a matter of law, but as a matter of fact, in the light of undisputed evidence. *Greeley v. Reading,* 74 Mo. 309; *Weber v. Armstrong,* 70 Mo. 217; *Cator v. Collins,* 2 Mo. App. 225. (2) The court should have permitted appellant to prove by W. A. Bush, the circuit clerk, that on the same

day, and shortly before McGruder made the mortgage, suits had been filed against him, as bearing upon the question of fraud. *Hopkins v. Seivert,* 58 Mo. 201; *Chandler v. Fleeman,* 50 Mo. 239; *Burgert v. Borchert,* 59 Mo. 80. (3) The court should have given instructions declaring the law of the case, so as to have shown upon what theory judgment was rendered. *Cunningham v. Snow,* 82 Mo. 593. (4) The court should have granted a new trial, because the judgment was wrong, against the law and evidence. *Ackley v. Staehlin,* 56 Mo. 558.

*M. Ward* for respondents.

NORTON, J.—This is an action of replevin to recover the possession of certain personal property, in which the plaintiff recovered judgment, from which defendant has appealed. It appears from the record that the plaintiff, Lonvilla, who was the sister of one H. C. McGruder, claimed the property in question, consisting of a stock of goods, by virtue of a mortgage which was duly executed and acknowledged by said McGruder, on the twenty-second of January, 1883, conveying the same to her to secure her in the payment of the sum of eight hundred dollars. This mortgage was duly recorded. The defendant claimed the goods by virtue of a levy made by him, as constable, on said goods, in April, 1883, of certain executions issued upon judgments against said McGruder, and claimed that the said mortgage was fraudulent and void as to creditors.

Mrs. Hisey, the plaintiff, testified in her own behalf, and, among other things, stated that, when the mortgage was given she left the goods in the possession of McGruder to be sold by him at retail on his own account; that she supposed he did sell out of them; that she intended he should do so; that he did not make any returns to her for any of them, up to the time she took

possession, nor afterwards; that she did not expect it, as her debt was not due; that a month after the mortgage was given McGruder gave her possession, but that she did not stay there, nor take full charge of the goods till in September or October, 1883; that she let McGruder continue to run the business as he had done before, but that after February he did so as her agent; that she did not know what he did with the money he took in on sales of the mortgaged stock, but that he never made any returns to her and she did not expect it, as her debt was not due; that she never went in to take full possession till the twenty-second of October, 1883. It was shown by other evidence that McGruder's sign remained over the door after the mortgage, as it was before, and that he remained in possession and sold the goods as before.

Defendant offered evidence to show that on the same day the mortgage was executed suits were commenced against McGruder by his creditors, which the court refused to receive. The record further shows that the court, although requested to do so, refused to give or consider any instructions, and rendered judgment for the plaintiff. The mortgage, although it provided that McGruder was to retain possession till the notes matured, was not, on its face, as a matter of law, fraudulent, it not appearing thereon that McGruder was to sell the goods on his own account, and not make any return of the proceeds. Had these things appeared in the mortgage it would have been fraudulent in law as against creditors. The evidence tended to show, if it did not conclusively establish, that the mortgage, as to creditors, was fraudulent in fact, and the question should have been submitted in appropriate instructions. *Weber v. Armstrong*, 70 Mo. 217. The evidence rejected should also have been received as bearing upon the question of fact as to whether the mortgage was fraudulent. Although the case was tried without the inter-

vention of a jury, the court committed error, when asked for instructions, in refusing either to give or consider them. This precise point is so ruled in the case of *Cunningham v. Snow*, 82 Mo. 593.

Judgment is reversed and cause remanded. All concur.