JOHN H. VOGELSANGER, Appellant, v. LUKE RUS-
SELL et al., Respondents.

St. Louis Court of Appeals, February 25, 1902.

1. **Practice, Trial:** COURT SITTING AS A JURY: DECLARATION
OF LAW. The court sitting as a jury, in the trial of a cause,
should not deny to a party declarations of law applicable to the
case.

2. ———: ———: EVIDENCE: PRACTICE, APPELLATE. But in
the case at bar, all the evidence was introduced by the appellant
and the facts are practically undisputed, so that the propriety
of the decision may be as well reviewed without the assistance to be
derived from definite rulings on propositions of law.

Appeal from Cape Girardeau Court of Common Pleas.—*Hon.
John A. Snider*, Judge.

AFFIRMED.

*Robert L. Wilson* for appellant.

(1) A married woman may contract and be contracted
with as a *feme sole*; be sued at law and judgment be rendered
against her on any contract made by her in regard to her
property, and the judgment may be enforced. R. S. 1899,
sec. 4335. (2) A married woman may appoint an agent and
do all other things in regard to contracting that a *feme sole*
can do. R. S. 1899, sec. 4335; Eystra v. Capelle, 61 Mo.
578; Mead v. Spradling, 64 Mo. 48; Long v. Martin, 152
Mo. 668. (3) The acceptance of notes and giving receipt
of payment of the indebtedness is not even prima facie evi-
dence of payment. Doebling v. Loos, 45 Mo. 150; Bank v.
Peterman, 21 Mo. App. 512. To constitute a payment some-

thing of value must be delivered by the debtor to the creditor for the purpose of extinguishing the debt. The name of Luke Russell added nothing to the note given to the bank. Land Co. v. Rhodes, 54 Mo. App. 129. (4) The burden of proof is on the debtor, when a note or check is given to the creditor in payment of an antecedent debt and the check or note is dishonored, to show that the check or note was not taken in absolute payment. Holmes v. Briggs, 17 Am. St. Rep. 804; Born v. Bank, 18 Am. St. Rep. 312.

*Frank E. Burrough* for respondent.

(1) The failure of the court to either give or refuse the instructions is, I concede, a refusal of them all. (2) I concede points 1 and 2 of appellant's brief to be the law. (3) I concede that in the absence of agreement, the acceptance by the creditor of the debtor's note or check, does not destroy the original cause of action, as discussed in appellant's brief; but that is not this case. (4) But the original demand was paid, not with "the witchery of Luke's name," but with dollars and cents, borrowed from the bank, Vogelsanger being security. (5) I find no cases in this State exactly similar, but the following case discusses certain features of this case. Sheflen v. Desar, 20 Mo. App. 569. (6) The note not being surrendered or accounted for plaintiff can not recover. O'Bryan v. Jones, 38 Mo. App. 90; Sheflen v. Desar, 20 Mo. App. 569; McMurray v. Taylor, 30 Mo. 263. (7) A creditor can not take the note of an agent and then hold the principal, especially without surrendering the note. Sheflen v. Desar, 20 Mo. App. 569. (8) The original debt is paid. The point made on the small items after the note was given, was not made in the court below, and is at least within the maxim, *de minime lex non curat.* The mountain has become a mole hill. (9) The appellate court will not reverse a case tried by the court on the weight of the evidence, the case of Mc-

Grath v. Mitchell, 56 Mo. App. 629, to the contrary notwithstanding. Bethune v. Railroad, 139 Mo. 581.

GOODE, J.—An examination of the record in this case, which is here on a full transcript, shows no declarations of law were given or refused. Declarations were requested by both parties and are preserved in the bill of exceptions with the statement that the court neither gave nor refused them and that an exception was saved by the appellant to the court's action in refusing to pass on those he submitted. As the action was one at law, the parties were entitled to have the court indicate the legal theory on which the case was decided and the proper way to have this done was to prepare and ask declarations of law. If declarations are not requested, an appellate court will usually be unable to ascertain from the record on what principle of law the judgment in the case was rendered below and an appellant will be bound by it, although reached from an erroneous conception of the law applicable to the issues.

The trial court committed manifest error (from an oversight, it seems) in ignoring appellant's request for declarations of law (Cunningham v. Snow, 82 Mo. 587; Hisey v. Goodwin, 90 Mo. 366) and one that would, in most instances, compel a reversal and remanding of the cause.

But in this case all the evidence was introduced by the appellant and the facts are practically undisputed, so that the propriety of the decision may be as well reviewed without the assistance to be derived from definite rulings on propositions of law.

The action was instituted before a justice of the peace against Luke B. Russell and Cora M. Russell, his wife, on an account for merchandise of different kinds; to-wit, a gasoline stove and the gasoline which was used in heating it, corrugated sheet-iron, nails, locks, paint brushes, coach varnish, a pocket knife, linseed oil, paint and a few other articles. These

articles were sold by the plaintiff at various dates from October, 1898, to March, 1900.   They were ordered mostly by the defendant's husband, Luke B. Russell, partly by two hands by the name of Glaab, who worked for the defendants, and in one or two instances by Mrs. Russell, during the time she lived at Cape Girardeau.   They were all charged to Luke B. Russell on the books of the appellant at the dates of purchase. Indeed, he did not know Mrs. Russell in the sales at all, the contention now being that she was an undisclosed principal, the goods having been bought for her by her husband and the hired men, and that she is liable in that capacity.

There is scarcely a scintilla of evidence to sustain this contention.   It seems to be based entirely on the fact that some of the articles were used on the farm owned by her; but the plaintiff testified himself that he credited Russell, supposed him to be good, charged the articles to him and never thought about Mrs. Russell in connection with the transactions until he had failed to collect the money due him from her husband.

In addition to this, it appears the debt was paid.   After its maturity, Vogelsanger wanted his money and dunned Russell for it.   The latter did not have it, it seems, but Vogelsanger had such confidence in him that he became his surety or indorser on a note to the First National Bank of Cape Girardeau, on which note the money was obtained and turned over to the plaintiff and credit given Russell for the amount of the bill on the plaintiff's ledger.   When the first note fell due, it was renewed by another which Vogelsanger had to pay.   That unpleasant experience induced him to believe his account had not been paid and that Mrs. Russell owed it to him, whereupon he sued her.

Plaintiff testified that Russell borrowed money from the bank; that he (plaintiff) was his indorser or surety; that the money realized from the note was placed to Russell's credit on his account and that plaintiff had finally paid the renewal note.   He contends now that this transaction made an accord

Vogelsanger v. Russell.

but not a satisfaction. It constituted a payment of the account by every principle of law, was treated by both parties as such and the only liability of Russell to the plaintiff thereafter was the liability which a principal on a note owes to a surety who is compelled to discharge it. The case is too plain for argument, requires no further discussion, and the judgment is affirmed. All concur.