Syllabus.

# WILLIAM C. DAWSON

*v.*

# PETER HAYDEN *et al.*

1. HOMESTEAD—*not protected against sale under deed of trust under act of* 1851. Where a deed of trust was executed, in 1853, by the husband, of his homestead, his wife not joining therein, and the premises sold and conveyed by the trustee, it was held that a homestead could not be asserted in defense of an action of ejectment by the purchaser.

2. SAME—*act of* 1851 *construed.* The homestead act of 1851 exempted homesteads only "from levy and forced sale under any process or order from any court of law or equity," but not from sale under a power given in a deed of trust. The amendatory act of 1857 has no application to mortgages and deeds of trust executed before it took effect.

3. ACKNOWLEDGMENT. Where a deed acknowledged in the State of Missouri, for lands in this State, is acknowledged in conformity to the laws of this State, it is admissible in evidence in our courts.

4. SAME—*confirmatory act of* 1853. The confirmatory act of 1853 which requires the certificate of acknowledgment to show that the deed was executed "freely and voluntarily," relates to deeds made by husband and wife, and has no application to a deed made by a trustee under a power in a deed of trust.

5. Where the certificate of the acknowledgment of a deed made in 1859, states that the grantor acknowledged the deed "to be his act and deed for the purpose therein mentioned," it will be a sufficient acknowledgment.

6. TRUSTEES' SALE—*defense at law against.* On the trial of an action of ejectment, a deed made by a trustee under a power in a deed of trust, can not be excluded or the sale impeached on the ground that the notice of the sale had not been given for the requisite length of time. It is sufficient to pass the legal title, and whether in compliance with the provisions of the trust deed or not, is not a subject of inquiry in a court of law.

APPEAL from the Circuit Court of Menard county; the Hon. CHARLES TURNER, Judge, presiding.

Mr. OSCAR A. DELEUW, for the appellant.

Mr. N. W. BRANSON, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of ejectment, brought by the appellees against the appellant, for certain lots in the town of Petersburg, in Menard county. Appellant executed a deed of trust for the premises in controversy, bearing date July 21, 1853, to secure certain indebtedness due from him to appellees, and the trustee to whom the trust deed was executed sold and conveyed the premises to appellees by deed bearing date December 15, 1859.

Appellant asserts a homestead exemption in the premises, his wife not having joined in the deed of trust, and it containing no release of the homestead right.

The homestead act of 1851 exempted the homestead only " from levy and forced sale under any process or order from any court of law or equity in this State." This sale was made by a trustee, under a trust deed, and was not made under a levy under any process or order of any court, and does not come within the provisions of that act. The trust deed having been executed before the passage of the amendatory act of 1857, requiring in all cases the signature and acknowledgment of the wife as conditions of the alienation of the homestead, was not affected by the latter act. *Ely et al.* v. *Eastwood*, 26 Ill. 107; *Smith* v. *Marc*, ib. 150.

It is objected that the certificate of acknowledgment to the trustee's deed was defective, and that the deed was read in evidence without proof of its execution. The defects suggested in the certificate are, that the deed was executed and the acknowledgment taken in the State of Missouri, and it does not appear that the acknowledgment was in conformity with the laws of that State, nor that the grantor executed the deed " freely and voluntarily."

No matter whether the acknowledgment was in conformity with the laws of Missouri or not; it was taken before a notary public under his notarial seal, in conformity with our own law, which was sufficient, the premises being situate in this

State.   Appellant insists' that the trustee's deed is governed·
by the confirmatory act of 1853, (Sess. Laws 1853, p. 89,)
which requires the certificate to show that the deed was exe-
cuted "freely and voluntarily."   We need only say that stat-
ute relates to deeds made by husband and wife, (*Short* v. *Con-
lee*, 28 Ill. 229,) and we do not perceive how it applies to this
trustee's deed made by the husband alone.

The certificate states that the grantor acknowledged the
deed "to be his act and deed for the purpose therein men-
tioned."   That was a sufficient acknowledgment.   *Short* v.
*Conlee, supra*; *Lockwood* v. *Mills*, 39 Ill. 602.

It is lastly objected, that the trustee did not execute the
power of sale in accordance with the deed of trust, in this:
that the deed of trust required at least sixty days' notice of
the sale by advertisement, etc., while the notice given by the
trustee was only sixty-two days, Sundays included; appellant
contending that the Sundays intervening in that time should.
not be counted to make out the required sixty days.   Without
considering its merits, the objection is one which is not avail-
able in this action.   By the trust deed, the legal estate was
vested in the trustee, and he conveyed it to the appellees;
whether in compliance with the provisions of the trust deed
or not, was not a subject of inquiry in an ejectment suit.   If
the trustee sold contrary to the conditions of the trust deed,
the remedy was in equity.   *Graham* v. *Anderson*, 42 Ill. 517 ;
*Reese* v. *Allen*, 5 Gilm. 236.

The judgment must be affirmed.

                                        *Judgment affirmed.*