WILLIAM M. NEILSON, Appellant, *vs.* THE COUNTY OF CHARI-
TON, *et al.*, Respondents.

1. *Military bounty land—Right of action accrued before August 1st, 1866—
Limitation, what statute governs.*—One whose right of action for the recovery
of military bounty land, accrued prior to the act of August 1st, 1866 (Wagn.
Stat., 915, § 1), is not barred by two years of adverse possession thereafter.
In such case, the ten years limitation act, and not that of two years, applies.
(Wagn. Stat., 921, § 32.)

2. *Trustee's deed under deed of trust—Recitals in, not prima facie evidence,
when.*—The recitals contained in a deed given by a trustee acting under a deed
of trust are not *prima facie* evidence of the truth of those recitals, unless de
clared to be so by the terms of the deed of trust.

### *Appeal from Chariton Common Pleas.*

*A. S. Harris, with C. & R. W. Hammond,* for Appellant.

I. The two years limitation in § 1, art. 2 of the Limita-
tion Law, Wagn. Stat., 915, does not apply in this case.
That section did not go into effect until August 1st, 1866, and
plaintiff's right of action accrued in June, 1865. The limi-
tation law, then in force, was that of ten years. (See § 32,
art. 2, *supra*. (Billion vs. Walsh, 46 Mo., 495; Gilker vs.
Brown, 47 Mo., 110, 111; McCartney, Adm'r, vs. Alderson,
54 Mo., 324)

In New York where the limitation in force at the time
the right of action accrued was repealed, and a shorter limi-
tation adopted, it is held that the limitation in force when the
right of action accrued applies. (Van Hook vs. Whitlock, 3
Paige, 416, 417; People vs. Supervisors, 10 Wend., 365;
Jackson vs. Brooks, 14 Wend., 654; Champlain vs. Valentine,
19 Barb., 488.)

II. Without any such saving clause as that of § 32, the
two years' limitation would not apply here, because statutes are
always held to be prospective only, unless they cannot have
the intended operation by any other than a retrospective con-
struction, or are plainly expressed to be retrospective. (People
vs. Supervisors, *supra*; Aug. Lim., 2 Ed., 18, § 11.) Moreover,
in this State, the legislature is forbidden to pass retrospective
laws. (State Const., Art. I, § 28.)

The case of Callaway vs. Nolley (31 Mo., 393), does not apply. The Limitation Act of 1847 had no provision like that of § 32, above referred to.

*A. W. Mullins, with C. W. Bell,* for Respondents.

I. Plaintiff's action was barred. (Wagn. Stat., 915, § 1; Billion vs. Walsh, 46 Mo., 492 ; City of Carondelet vs. Simon, 37 Mo., 408 ; Callaway County vs. Nolley, 31 Mo., 393.) As to a bar by limitation, equity follows the law.

SHERWOOD, Judge, delivered the opinion of the court.

The material facts of this case are these:

In 1857, F. W. Hoffman conveyed the property in controversy (a lot in the city of Brunswick), to A. M. Day, subject to a mortgage to Chariton county, executed by Hoffman in 1854. In 1859, Day conveyed to A. D. Day, who, in 1860, executed a deed of trust to one Barr, and in the same year the plaintiff became the purchaser of the property in dispute at a sale made under the last named deed.

In 1865, a sale took place by virtue of the mortgage made in 1854, to the county, and Frederick Passe, the father of the minor defendants, bought thereat, and entered into possession, which is still retained by those claiming under him.

The court below dismissed plaintiff's petition, holding that though the sale made under the mortgage in 1865, was void, yet that the lot in question being a part of the military bounty land tract, and the action not being brought within two years after adverse possession taken by Frederick Passe, deceased, the statutory bar was available as a defense. which precluded any otherwise existent right of plaintiff to redeem.

I. The provisions of the act in relation to lands of the character in controversy never went into effect until August 1st, 1866. (Gen. Stat., 1866, p. 745, § 1 ; Id., 882, § 2.)

Plaintiff's right accrued in 1865, at a time when *ten* years was the period provided as a statutory bar, by the "*laws then in force.*" Consequently, § 32 of the same chapter (ch. 191, G. S., p. 749) is applicable to the case before us ; and as the

plaintiff's suit was brought in 1873, he was not barred of his action. (Abernathy vs. Dennis, 49 Mo., 468; School Directors vs. Georges, 50 Mo., 194; McCartney vs. Alderson, 54 Mo., 320.)

II. The deed made by Barr, the trustee, although somewhat informal, sufficiently referred to the powers conferred by the deed of trust and recited a substantial compliance therewith. But the recitals in the deed of the trustee, would not be *prima facie* evidence thereof, unless so provided in the deed creating the power. (Carter vs. Abshire, 48 Mo., 300.) As it does not appear that the deed referred to, contained a provision of that sort, the deed made by Barr should not have been admitted, without evidence in support of its recitals.

Judgment reversed and cause remanded ; all concur except Judge Vories, absent.