## JULIUS G. KŒSTER *v.* BEATTY T. BURKE,

### and

### WILLIAM H. SNELLING *et al. v.* SAME.

1. MORTGAGE—*priority of several debts secured.* Where a mortgage or deed of trust is given to secure the payment of several notes which become due at different times, the notes have priority of lien in the order in which they become due and payable.

2. TRUST DEED—*sale and conveyance by trustee, though in violation of his duty, passes legal title.* Where the first note falling due, of a series of notes secured by the same deed of trust, belongs to one party, and the others to another party, and the trustee, at the request of the holder of the note first due, advertises the property for sale on a certain day, to pay his note, and afterwards, at the request of the holder of the other notes, advertises and sells at an earlier day to the holder of the notes last maturing, in satisfaction of his note, and when the day of sale under the first advertisement arrives, he again sells to the holder of the note first maturing, the purchaser at the first sale will hold the legal title, but a court of equity will set aside the first sale and order another, and the payment of the several notes out of the proceeds thereof, according to the order of their maturity.

3. SAME—*trustee has no power to make second conveyance.* Where the trustee in a deed of trust has a sale and executes a conveyance, he has no

power to make a second sale, and if he attempts to do so the grantee in the second deed will take no title.

Appeal from the Circuit Court of Macoupin county; the Hon. Charles S. Zane, Judge, presiding.

Mr. William R. Welch, and Mr. J. G. K&oelig;ster, for the appellant.

Messrs. John M. & John Mayo Palmer, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was a bill to enjoin the prosecution of an action of ejectment brought by appellee to recover a certain lot in the city of Carlinville, and to set aside the deed under which appellee claims title to the premises. The court denied an injunction, and dismissed the bill, and this decision is relied upon as error.

The facts in this case, and in the action of ejectment, K&oelig;ster against Burke, No. 122 of the present term, are the same, and this opinion is intended for each case.

There is no substantial disagreement between the parties in regard to the facts presented by the record.

It appears, that on the 12th day of August, 1872, Aaron B. Allen, who was seized of the premises, for the purpose of securing three promissory notes, payable to David W. Hart, one for $427.40, due January 1, 1873; one for $485.36, due on the 12th day of August, 1873; and the other for the sum of $558.15, due on the 12th day of August, 1874, conveyed the premises, by deed of trust, to one Dan. A. Burke, as trustee. The deed provided, in default of the payment of any one of the notes when due, and the default continued for three days, in that event the whole of the notes should become due and payable. On the application of the legal holders of the three notes, the trustee, after having advertised the premises twenty days in a newspaper published in Carlinville, or by printing notices, should sell the premises at public vendue, for cash, and, upon making sale, execute and deliver to the purchaser a deed.

The note that became due first, was sold and assigned to Merritt R. Judd. The other two notes were transferred to Beatty T. Burke, appellee.

A portion of the note held by Judd remaining unpaid on the 21st day of November, 1873, he notified the trustee to sell the premises. The trustee, on the same day, advertised the land for sale on the 13th day of December. On the 22d day of November, Burke, the holder of the other two notes, notified the trustee to advertise and sell the premises, in satisfaction of the notes held by him. The trustee, accordingly, advertised the land for sale on the 12th day of December, to satisfy and pay appellee's notes.

On the 12th day of December, the trustee sold the premises to appellee, Burke, for the amount of the two notes held by him, and executed and delivered a deed. On the day following, the trustee again sold, and appellant became the purchaser for $186.95, and a deed was made by the trustee and delivered to him. Both deeds were recorded on the 13th day of December, the Burke deed having been filed a few hours ahead of the other. Appellant, after he obtained a deed, went into possession of the premises, and appellee brought ejectment.

It may be regarded as a well settled rule of law in this State, that where a mortgage or deed of trust has been given to secure the payment of several notes, which become due at different times, the notes have a priority of lien, in the order in which they become due and payable. *Vansant* v. *Allmon,* 23 Ill. 30;. *Gardner* v. *Diederichs,* 41 Ill. 158.

The note, therefore, which was assigned to Judd being due and payable before the notes transferred to Burke, Judd had a prior lien on the premises for the satisfaction of his note, which could not be divested or destroyed by the conduct or action of the trustee, or Burke, the holder of the second lien on the premises.

At the time Burke caused the land to be advertised for sale, in payment of the notes held by him, he was aware that the premises had been advertised for sale in payment of Judd's note, and his object, no doubt, in inducing the trustee to sell

first in his favor, was to secure a priority over Judd which the law had not given him. Such conduct on the part of appellee and the trustee, although it may not have been actuated by impure motives, can not be sanctioned or tolerated in a court of equity.

The note held by Judd had the prior lien on the premises, and his rights, guaranteed as they were by the law, could not be impaired or taken away by any arrangement entered into between appellee and the trustee.

By the terms of the trust deed, however, the legal title to the premises was vested in the trustee. At law, a sale and conveyance by him would operate to transfer the legal title. Whether the sale was made in compliance with the power contained in the trust deed or not, was not a proper subject of inquiry in an action of ejectment. If the trustee sold contrary to the terms of the trust deed, the remedy was in equity. *Graham* v. *Anderson*, 42 Ill. 514; *Dawson* v. *Hayden*, 67 Ill. 52.

When the trustee had made a sale, and executed a deed in pursuance thereof, he had no power to proceed to make a second sale and deed, and hence appellant's deed derived from the second sale did not invest him with the legal title to the premises.

But while appellant did not acquire the legal title to the premises under the deed made him by the trustee, yet, as he paid at the sale the amount due upon the Judd note, which was entitled to priority of lien under the deed of trust, in equity he is entitled to be subrogated to the rights of Judd in the note and deed of trust.

Appellant, although entitled to be protected in equity, was in no position to interpose a defense at law to the action of ejectment. In equity he owned the Judd note, secured by the deed of trust; his lien was prior to that of appellee. He was in possession of the premises under this equitable claim, and we entertain no doubt his rights were such as to entitle him to file a bill to impeach the sale made by the trustee, under which appellee claimed title.

If we are correct in this, it was the duty of the court to have enjoined the prosecution of the action of ejectment, retained the bill, and settled the rights of the parties under it. The trustee had, in the sale of the premises, in the manner in which the sale was made, clearly violated the duty imposed upon him by law. When he was called upon by the owners of the two claims to make sale of the premises, he had no right to make but one sale, and that should have been for the purpose of satisfying both claims; and upon making sale the proceeds should have been applied in the payment of the two claims, according to the priority of lien of each under the deed of trust. As this course has not been pursued, the sale can not be sustained, and it should be set aside and the land resold.

Upon making sale, from the proceeds the trustee should pay, first, appellant's claim, and, second, that of appellee.

As appellee, at law, in the action of ejectment, was entitled to recover, the judgment, in that case, will be affirmed; but the decree in the chancery case will be reversed, and the cause remanded, with leave to complainant to amend his bill so that the enforcement of the judgment in the action of ejectment may be enjoined, and that the relief herein indicated may be obtained.

*Decree reversed.*