## NEILSON *et al.*, *Appellants*, v. SASSE.

1. **Sheriff's Deed Under School Mortgage.** A sheriff's deed executed in pursuance of a power conferred by a mortgage to the county, will be held void if it fails to recite sufficient authority for making the sale, and it does not otherwise appear that there was such authority.

2. **Mortgage:** RIGHT OF REDEMPTION. In a suit to redeem land sold under a mortgage, the defendant relied, for a defense, on the fact that he had from time to time since his purchase made improvements in good faith and with the knowledge of the mortgageor and without objection on his part. It was shown, however, that the improvements were but usual and customary repairs, not exceeding the rents in value, and that there was no material change in the value of the property. Defendant was the purchaser at the mortgage sale, and there had been no loss of evidence preventing a full presentation of the case. *Held*, that there was nothing to defeat plaintiff's right of redemption.

*Appeal from Chariton Circuit Court.*—Hon. G. D. Burgess, Judge.

Reversed.

*Chas. Hammond* for appellants.

*A. W. Mullins* for respondents.

Hough, J.—This is a suit to redeem a certain town lot from a mortgage made to the county of Chariton under the statute authorizing the county to loan certain school funds. The case was before us on a former occasion. The opinion then delivered is to be found in 60 Mo. 386. The pleadings now are substantially the same that they then were. It was then decided that the plaintiff had ten years in which to bring his action. We adhere to that decision.

The deed under which the defendant claims title is invalid. It recites no sufficient authority for making the sale, (*Carter v. Reeves, ante,* p. 104,) and it does not otherwise appear that he had such authority.

The defense made against the right of the plaintiff to redeem is, that Sasse, soon after his purchase under the mortgage, and from time to time until the institution of this suit, made lasting and valuable improvements on the property in question, in good faith and with the knowledge of Neilson, and without objection on his part, and that he should not now be heard to assert any claim to the property. The property in controversy is a store house in the town of Brunswick, and the improvements made were in the nature of usual and customary repairs, and their value does not appear to exceed the value of the rents. The property has not passed into the hands of *bona fide* purchasers, and there has been no loss of evidence preventing a full presentation of the case, and no material change in the value of the property. Under such circum-

stances, we think the plaintiffs have a clear right to redeem.

Besides, the mortgage in question covered property of the defendant Sasse, adjoining the property in controversy, and it is alleged in the petition that Sasse is in equity bound for a portion of the mortgage debt, for which the plaintiffs' property was sold. It may be that the mortgage debt should be apportioned between the plaintiffs and Sasse according to their several interests in the whole property mortgaged; but we are unable to determine this point from the facts now before us.

The judgment will be reversed and the cause remanded with directions to the circuit court to take an account between the parties, and to enter a decree permitting the plaintiffs to redeem upon the payment of such sum, if any, as may be found to be due from them to the defendant. All the judges concur.