[No. 8,471.    Department One.—January 5, 1885.]

## SAVINGS AND LOAN SOCIETY, RESPONDENT, v. JAMES DEERING ET AL., APPELLANTS.

66    281
106    528
66    281
121    382
66    281
139    595

TRUST DEED—SALE BY TRUSTEE—RECITALS IN DEED BY TRUSTEE—EJECTMENT. —Where a deed of trust provides that in case of default the trustees shall, on application of the creditor, sell the premises to them conveyed at public auction to the highest bidder for cash, and authorizes them to establish as a condition of sale that the creditor may bid and purchase thereat, recitals in a deed executed by the trustees to such creditor, who purchased at the sale, to the effect that the sale was at public auction to the highest bidder for cash, and that the trustee did, as a condition of the sale, permit the creditor to bid and purchase, are *prima facie* evidence of the facts so recited, although the deed of trust is silent as to their effect ; and in an action of ejectment by the purchaser, evidence *dehors* the deed is not necessary to show title and right of possession in the plaintiff.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court

*Mich. Mullany,* for Appellants.

*A. N. Drown,* for Respondent.

McKinstry, J.—The complaint is in " ejectment " ; the answer denying its averments, except the averment of the possession of defendant Deering.   The plaintiff claims to deraign title through a deed of trust and a conveyance executed by the trustees.   The deed of trust provides that, in case of default, etc., the parties of the second part (the trustees) shall, on application of the party of the third part—plaintiff, the creditor—sell the premises to them conveyed at public auction, to the highest bidder, for cash ; and authorizes the trustees to establish " as a condition of sale " that the creditor (plaintiff herein) may bid and purchase thereat.   The deed from the trustees to plaintiff *recites* that the sale was at public auction, to the highest bidder, for cash, and that the trustees did, " as a condition of sale," permit the plaintiff to bid and purchase.   The deed of trust is silent as to the effect of such recitals in the deed from the trustees to the purchaser at the auction sale.

Appellants contend the deed from the trustees did not establish title or the right of possession in the plaintiff, in the absence of evidence *dehors* the deed of the facts of a sale to the highest bidder for cash, and of the establishment of a condition authorizing plaintiff to bid.   To sustain the point thus made, counsel for appellant cites Jones on Mortgages, § 1830, where that writer says : " When the validity of a sale under a power is questioned by the debtor, on the ground that the advertisement of the sale was not made in pursuance of the deed, the burden of proving a proper advertisement rests upon the purchaser or other party insisting upon the sale."   The only case referred to in support of the foregoing statement is *Gibson* v. *Jones,* 5 Leigh, 370, which was a bill in equity to set aside a sale by trustees.   The deed provided that if the ancestor of the plaintiff should fail to pay a certain debt when due, the trustees,

being thereunto required by the creditor, should sell the land at public auction, on the premises, for cash, after having advertised the time and place of sale for twenty days. The trustees sold and conveyed part of the lands (to the creditor), stating in their deed that they had made the sale agreeably to the provisions of the deed of trust under which they acted. The bill was exhibited against the trustees, and Joel Jones—the creditor and purchaser from the trustees—and one Read, the vendee of Joel Jones, with alleged notice ; and averred, among other matters, that the sale was made by the trustees without due notice or advertisement. Joel Jones answered that he bought for full value, and supposed the sale had been duly advertised, and Read answered that he had purchased from his vendor without notice of any defect in the advertisement of the sale. The trustees did not answer. The chancellor dismissed the bill.

The court of appeals reversed the decree dismissing the bill, on the ground that the trustees ought to have been before the court antecedent to a decree of dismissal on the merits. The court of appeals said : " The bill charged that the sale of the trustees was made without advertisement, *and called upon the trustees to answer that allegation.* * * * The plaintiffs could not prove there was no advertisement. *They made an effort to do it,* by making the trustees parties ; but their bill was dismissed without the trustees ever having been brought before the court." The other defendants had answered, not denying the insufficiency of the advertisement. In this position of the case, the court remarked : " We cannot, then, take the advertisement as proved, but, on the other hand, we cannot take its existence as negatived, because those who were conversant of that matter (the trustees) are not before the court."

The plaintiffs there could not, as under our practice, call the trustees as witnesses to be examined orally. They had a right to demand, however, and did demand, that the trustees make full discovery, by answer, of the facts with reference to the existence or non-existence of the required advertisement. The plaintiffs had not sought by attachment to compel the trustees to answer, nor had they taken proceedings for a decree *pro confesso.* As said by the court of appeals, a failure on the part of

plaintiffs to bring the trustees before the court "might indeed
have exposed them to dismission *for want of prosecution*," but
that court held it error on the part of the chancellor (in the ab-
sence of the trustees) to order a dismissal "*on the merits.*" An
examination of *Gibson* v. *Jones*, in view of the equity practice
of the Virginia courts, very clearly shows that the case does not
sustain the proposition laid down in Jones on Mortgages. It
will be observed, also, that the learned author, in the portion of
his work from which the extract is taken, is not considering the
effect of deeds by trustees in courts of law, but asserts a sup-
posed rule in courts of equity, where such deeds may always be
impeached for any substantial irregularity preceding their exe-
cution. In section 1895, Jones on Mortgages, it is said: "It is
sometimes provided in deeds of trust, that the recitals contained
in the trustees' deed of sale under the power shall be *prima
facie* evidence of the facts stated in it. But in the absence of
such a provision the recitals are no evidence of their truth."
In a note to this passage, the learned author cites *Vail* v. *Ja-
cobs*, 62 Mo. 130 ; *Neilson* v. *Chariton Co.*, 60 Mo. 386 ; *Car-
ter* v. *Abshire*, 48 Mo. 300. In *Vail* v. *Jacobs*, the court said :
"The deed of trust does not, as is usual, contain a provision
that the recitals contained in the deed of the trustee shall be
*prima facie* evidence of their truth. In the absence of any such
proviso, some evidence should have been introduced in support
of the recital of the trustee's deeds. ( *Carter* v. *Abshire*, 48
Mo. 300; *Neilson* v. *Chariton Co.*, 60 Mo. 386.)" And in *Neil-
son* v. *Chariton Co*, the court said : "But the recitals in the deed
of the trustee would not be *prima facie* evidence thereof, unless
so provided in the deed creating the power." ( *Carter* v. *Ab-
shire*, 48 Mo. 300.) But all that was decided in *Carter* v. *Ab-
shire* was : "The trustee in his deed recites that he put up the
notices in public places, and by the terms of the trust deed to
him, his recitals are *prima facie* evidence of everything con-
tained therein. Till they are rebutted or overcome by counter-
vailing evidence, full faith and credit must be attached to them."
Page 302. And that was in a court of equity. Page 301.
In *Wood* v. *Lake*—a "real action" under the code of Ala-
bama—it was stated by the court that the sale by the trustee
was under a naked power." (62 Ala. 489.) But what is there

said with reference to the necessity of one relying on such sale in an action at law, providing a strict compliance with the specific power was not involved in the determination of the case, which was decided on the ground that the trustee's deed was void, because not recorded as required by a statute of that State.   Of the cases cited by the Supreme Court of Alabama in *Wood* v. *Lake,* we have already commented upon and explained *Gibson* v. *Jones, supra,* in which it was held that, under the chancery practice then existing in Virginia (the trustees having failed to answer a bill charging them with having sold without the requisite notice, and calling on them to answer the charge), the bill ought not to have been dismissed as to the merits.    *Williams* v. *Peyton's Lessee,* 4 Wheat. 77, only repeats the established proposition that the statutory power of a tax collector to sell lands, in default of payment of taxes, is a naked power, not coupled with an interest, and that every legal prerequisite must precede the employment of the power.    *Ormsby* v. *Tarascon,* 3 Litt. 410, was a bill by a mortgagor to redeem from a sale by the mortgagee, with power of sale, the sale having been made for a portion of the indebtedness not yet due. No question seems to be decided as to the party upon whom devolved the *onus* of proof with respect to the execution or abuse of the power.    In *Hall* v. *Towne*—a bill to set aside a sale under a power in the mortgage, and to redeem on paying the mortgage debt and interest—it was simply held that a power of sale conferred in a mortgage must be strictly pursued.    (45 Ill. 493.)    *Sears* v. *Livermore,* 17 Iowa, 297, was in equity, to set aside a sale under a trust deed.    It was decided that deviations from the directions in the power invalidated the sale. There was no question as to which of the parties should prove the facts.    *Fowle* v. *Merrill,* 10 Allen, 350, was a bill to redeem after an invalid sale, under a power in a mortgage; the power authorizing the mortgagee to sell the mortgaged premises, including the equity of redemption, and the mortgagee having attempted to sell the equity of redemption separately.    *Roarty* v. *Mitchell,* 7 Gray, 243, was a writ of entry, the declaration alleging plaintiff's *seizin in fee,* and his title depending upon a deed made under a power contained in a mortgage.    The deed from the mortgagee might have been sufficient to operate as an

assignment of the mortgagee's interest, but the declaration contained no averment of seizin in mortgage, without which (under a Massachusetts statute) the demandant could not rely on a mortgage title.

None of the foregoing cases (except, perhaps, one of them) necessarily involve and uphold the proposition, that in an action at law brought by the purchaser from the trustees having the legal title, to recover possession, it is necessary for the plaintiff, as part of his case, to prove a strict compliance with the terms of the specific power contained in the deed of trust. Nor do they support the view that even in equity, when the bill is filed to set aside the sale, the burden of proving strict compliance with the special power is cast on the purchaser from a trustee with a legal title. The deed of trust now before us purports to convey the legal title to the trustee, and provides that in case the grantor shall pay the notes and interest, and all moneys laid out for repairs, taxes, insurance, etc., by the trustees, they will reconvey, etc. The deed transferred the legal title to the trustees (*Koch* v. *Briggs*, 14 Cal. 257 ; *Grant* v. *Burr*, 54 Cal. 298 ); the defendant retaining right to a reconveyance in·case of payment, and to a sale as provided in case of default. *Beal* v. *Blair*, 33 Iowa, 318, was an action of ejectment. It was there decided that the recitals in the deed of the trustee were *prima facie* evidence of the matters recited, although the deed of trust did not purport to give the recitals such effect.

It was distinctly held in Illinois, that a deed from trustees holding the legal title passed the title, with or without notice on the part of the purchaser of a failure to comply with the specific requirements of the trust deed as to publication of notice, and until a redemption, such grantee could hold the legal title and set it up in ejectment, as in that action none but the legal title can be tried or regarded, the court saying : " This is elementary, and requires no citation of authority in its support." ( *Wilson* v. *South Park Com'rs*, 70 Ill. 50.) The report of the case does not show that the deed of trust made the recitals in the trustee's deed evidence of the matters recited. *Reece* v. *Allen*, 5 Gilm. 236, holds that as the legal title is in the trustee, he conveys it to the purchaser—whether rightfully or wrongfully is not a subject of inquiry in an action at law to recover

the possession.  To the same effect is *Dawson* v. *Hayden*, 67 Ill. 52.  And in *Kœster* v. *Burke*, 81 Ill. 436, the trust deed did not provide that the recitals in the  deed to be given a purchaser should be evidence *prima facie*, or conclusive.  Yet the court said : " By the terms of the trust deed, however, the legal title to the premises was vested in the trustee.  At law, a sale and conveyance by him would operate to transfer the legal title. Whether the sale was made in compliance with the power contained in the trust deed or not, was not a proper subject of inquiry in an action of ejectment.  If the trustee sold contrary to the terms of the trust deed, the remedy was in equity."

In all cases, the legal title is in the trustees under the trust deed, if the deed purports to convey the legal estate; and, in such cases, a power of sale is a power appendant to the estate itself, and takes effect out of it.  Trustees having the legal estate may, *at law*, sell, convey, assign, or incumber the same. The general power of the trustee to sell and incumber the estate is co-extensive with his ownership ; and this general power over the legal title is entirely distinct from the execution of a special power given in respect to the sale of an estate.  Though a trustee may thus sell even in breach of the trust, a conveyance without consideration will not injure the *cestui que trust*, as the grantee who is a volunteer will hold upon the same trusts as the trustee ; and if the purchaser for a valuable consideration have notice of the trust, he will still hold the estate on trust.  If, however, the purchaser have notice of the trust, his conveyance does not operate as a transfer to him of the special power of sale.  He will have only the naked legal title ; but this will draw to it the right of possession at law, on which he can recover, the *cestui* being required to appeal to a court of equity for a decree for a conveyance upon such conditions as may be just.  (Perry on Trusts, 2d ed., §§ 602, *i*, *k*, 334, 218, 274.)

Judgment and order affirmed.

Ross, J., and McKee, J., concurred.

Hearing in Bank denied.