### ESTATE OF RUFUS N. RAMSAY

*v.*

### THE PEOPLE, for use of Asylum for Insane Criminals.

*Opinion filed June 19, 1902.*

1. CHARITABLE INSTITUTIONS—*trustees of Illinois Asylum for Insane Criminals have power to appoint treasurer.* Under section 1 of the act of 1889, creating the Illinois Asylum for Insane Criminals, and providing that the asylum shall be under the control of the board of commissioners of the Chester penitentiary and subject to the rules governing trustees of State charitable institutions, and under sections 13, 14 and 16 of the act regulating such institutions, the commissioners of the penitentiary have power to appoint the warden to act as treasurer for Illinois Asylum for Insane Criminals.

2. BONDS—*when an acknowledgment of bond is prima facie sufficient.* Under section 1 of the act relating to official bonds, the acknowledgment of an official bond, though taken before a notary public in the State of Missouri, is *prima facie* evidence of the execution of the bond, even though the certificate does not show the notary was authorized to take acknowledgments of official bonds under the laws of Missouri.

3. In other respects this case is like *Estate of Ramsay* v. *People*, (*ante*, p. 572), the decision of which controls here.

*Estate of Ramsay* v. *People*, 97 Ill. App. 296, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Clinton county; the Hon. TRUMAN E. AMES, Judge, presiding.

M. P. MURRAY, and JOHN G. IRWIN, for appellant.

VANHOOREBEKE & LOUDEN, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the circuit court of Clinton county against the estate of Rufus N. Ramsay, deceased, on a claim filed in the Clinton county court by the People, for the use of the trustees of the Illinois Asylum for Insane Criminals. The claim was for a balance of moneys of the State received by James D. Baker, as treasurer of the institution, which he failed to turn over to his successor, and recovery of such balance was sought on his official bond against the estate of Ramsay, Ramsay having been one of his sureties. The case was tried with another against the estate of Ramsay to recover on Baker's official bond given as warden of the Southern Illinois Penitentiary, upon which bond Ramsay had also been surety, and it was stipulated that the same evidence given in that case should be treated as given in this, so far as it might be applicable. Judgments were rendered against Ramsay's estate in the two cases, and these judgments were affirmed by the Appellate Court. Both cases have been brought to this court on appeal.

The contentions of the appellant in the two cases, in the main, are the same, and for a discussion of the reasons of our decision as to questions common to both, reference may be made to the opinion in that case. (*Ramsay* v. *People, ante,* p. 572.) True, it is contended in this case that there was no statute authorizing the trustees of the asylum to

appoint a treasurer, and for that reason the sureties were not liable as sureties on an official bond required by law to be given, but only in case the money was lost by the negligence or bad faith of the obligor, as in a case of bailment. In this, counsel are in error. Section 1 of the act of 1889, establishing the asylum, provides that the said asylum shall be subject to the supervision and control of the board of commissioners of the penitentiary at Chester, under the same rules, regulations and conditions as trustees of the State charitable institutions, as now provided by law, as far as the same are applicable. (Hurd's Stat. 1889, p. 241.) And section 13 of the act of April 15, 1875, (Ibid. 233,) regulating the State charitable institutions, provides that the trustees of each of such institutions shall appoint some person, not a member of the board, to be treasurer of the institution; and section 14, that such treasurer shall give bond to the People, with not less than two sureties, to be approved, etc., conditioned for the faithful performance of the duties of the office. Section 16 provides that the treasurer shall receive and be the custodian of all moneys due or belonging to the institution, whether derived from the State treasury or from other sources, and provision is made for disbursements and other specific duties of the treasurer. Baker had been appointed treasurer of the asylum by the commissioners of the penitentiary, as trustees of the asylum, and had entered into bond as the statute provides, and we have no doubt that these statutory provisions are, in the respect mentioned, applicable to this asylum, hence this case does not differ materially from the other, where Baker's bond as warden was involved. As in that case, the money was lost by the failure of the bank in which it was deposited.

It is next contended that the trial court erred in admitting in evidence said official bond without proof of its execution. The only direct proof of its execution was the

certificate of the notary public, which was in the form
provided by section 1 of the act to revise the law in re-
lation to official bonds. (Hurd's Stat. 1899, p. 1194.) The
objection was, that the purported acknowledgment was
taken before a notary public of St. Louis, in the State of
Missouri, and that the certificate contains no statement
that such notary was authorized to take acknowledg-
ments of official bonds. The statute above referred to re-
quires such bonds to be acknowledged before some officer
authorized by law to take acknowledgments of instru-
ments under seal, and provides that such acknowledg-
ments shall be taken as *prima facie* evidence that the
instrument was signed, sealed and acknowledged in the
manner therein set forth, and shall have the same force
and effect, as evidence, in all legal proceedings, as that
given to the acknowledgments of deeds of conveyance
of real estate. Section 20 of the act concerning convey-
ances (Ibid. 406,) provides for the taking of acknowledg-
ments of deeds without this State before notaries public,
and that when so taken they shall be certified by such
officer under his official seal, and we cannot find that
any further certificate to the effect that such notary is
authorized by the laws of his own State to take acknowl-
edgments of deeds is required by our statute. The cer-
tificate here in question was properly made under the
seal of the notary, as the statute requires, and as our
statute requires nothing more where the acknowledg-
ment is taken by a notary, it can make no difference
whether he was authorized to take such an acknowledg-
ment by the laws of Missouri or not. For the purposes
of evidence in this State, notaries public are authorized
to take acknowledgments of instruments under seal,—
*e. g.*, deeds,—and when certified under their official seals
they are evidence of execution. Said section 1 of the act
relating to official bonds does not require that the officer
taking the acknowledgment, when taken without this

State, shall be authorized by the laws of the State where it is taken, to take such acknowledgment. It is the law of this State, and not of the State where it is taken, that governs in such a case. It is, of course, true, that certificates of authority would be necessary as to official bonds where required as to deeds, but not otherwise.

We do not regard the cases cited by appellant as in point, as, for instance, *Desnoyers Shoe Co.* v. *First Nat. Bank,* 188 Ill. 312. The cases cited referred to affidavits sworn to before foreign notaries, and not to acknowledgments. In the *Desnoyers case* we held, after quoting section 6 of chapter 101 of the Revised Statutes, that the certificate of the administration of the oath by the notary was not sufficient, because it did not appear that the notary was authorized by the laws of his State to administer oaths. It is sufficient to say that such proof of authority is not required to make notaries' certificates of acknowledgments of deeds admissible in evidence under either the Conveyance act or the act relating to official bonds. In *Dawson* v. *Hayden,* 67 Ill. 52, it was said: "No matter whether the acknowledgment was in conformity with the laws of Missouri or not; it was before a notary public, under his notarial seal, in conformity with our own law, which was sufficient, the premises being situate in this State." We are of the opinion that under the statute the same rule is applicable to acknowledgments of official bonds.

Some other questions of a technical character have been raised, which we have considered, but they are not of sufficient importance to require mention.

The judgment of the Appellate Court is correct, and must be affirmed.                    *Judgment affirmed.*