COLEMAN ABERNATHY, Respondent, v. BERRY DENNIS, Appellant.

1. *Counties — Boundaries, change of — Transfer of title.* — Counties are capable of holding the title in fee to such lands as may be donated to them for their own use. But the Legislature may alter the boundaries of counties, and, where it does not interfere with the vested rights of individuals, may transfer the title of lands falling in the new county from the old to the new county.

2. *Limitations — Land held by State, subject to.* — In 1857, land vested either in the State or county was subject to the bar of the statute of limitations.

*Appeal from Bollinger Circuit Court.*

*Wm. M. Nolle* and *Jno. B. Robinson*, for appellant.

Wayne county could take and hold the fee to the land, and her rights would be in the nature of other private rights. (Touchard v. Touchard, 5 Cal. 306 ; Rev. Stat. 1845, p. 289, ch. 38, § 1 ; R. C. 1855, p. 502, ch. 43, § 1 ; Barton County v. Walser, 47 Mo. 189.) And after the statute of February 28, 1855, all efforts by the State to divest Wayne county of title thereto, not accompanied with compensation, would be of no effect upon constitutional grounds.    The statute of limitation began to run against the respondent from the date of his entry or purchase from Bollinger county, November 10, 1857.    (R. C. 1855, p. 690, ch. 58, § 2.)

*Southerland, Clardy & Duchouquette*, for respondent.

ADAMS, Judge, delivered the opinion of the court.

This was ejectment for land in Bollinger county, commenced in January, 1870.    It was swamp land originally situated in Wayne county, but attached to or included in Bollinger county by the act of the general assembly creating that county, approved the first day of March, 1851.

The plaintiff claimed the land by virtue of a purchase from Bollinger county, consummated by a patent executed by the governor of this State in 1869, conveying the land in dispute to the plaintiff.    The defendant claims the land by an attempted entry of the same in Wayne county, and a deed therefor from the county, but both the entry and the deed misdescribed the land. The defendant also claimed by virtue of a decree of Wayne County Circuit Court, in a suit brought against the county of Wayne, correcting the alleged mistake.    But this suit was brought long after the organization of Bollinger county, and after the plaintiff had purchased the same from Bollinger county, and after the title to the swamp lands in Bollinger county had been transferred to that county by act of the Legislature of this State.

The defendant also relied upon the statute of limitations, and adduced evidence to show that he had been in the actual adverse possession of this land for more than ten years before the commencement of this suit, claiming the same as his own property, to the exclusion of all others. The case was submitted to the court sitting as a jury,' and, at the instance of the plaintiff, the court made various declarations of law, which were objected to by the defendant, and were, in substance, that the title to this land remained in the State of Missouri until the emanation of the patent to the plaintiff in 1869; and that the statute of limitations did not run against the State, and the adverse possession of defendant prior to the issuance of the patent amounted to nothing, and that upon this patent the plaintiff was entitled to recover. The defendant asked counter-declarations of law, which were refused by the court. Under the view we take of the case, it is unnecessary to set out all these declarations.

Although by the mere organization of Bollinger county, the title to this land may not have been vested in the county, yet by subsequent acts of the Legislature it was so vested, and that county had the right to dispose of it. (See Revised Code of Missouri, 1855, p. 1005, § 1, of "An act donating certain swamp and overflowed lands to the counties in which they lie.") Counties are mere subdivisions of the State for governmental purposes, capable, however, of holding the title in fee to such lands as may be donated to them for their own use. But the Legislature may alter the boundaries of the counties, and, where it does not interfere with the vested rights of individuals, the Legislature may transfer the title of lands falling in a new county from the old to the new county. Therefore, although the land in dispute was originally vested in Wayne county, it was afterward transferred to Bollinger by act of the Legislature. This occurred as early as 1855, and from the time of this transfer no title whatever remained in the State. The governor, in issuing the patent to the plaintiff, transferred the title held by Bollinger county. He merely executed a statutory power, whereby the legal title of Bollinger county, if any, was vested in the plaintiff. But if it be conceded that the defendant had been in the open, notorious,

Abernathy v. Dennis.

adverse possession of this land, claiming it as his own, to the exclusion of all others, for more than ten years before the commencement of this suit, then such adverse possession is not only a bar to the plaintiff's recovery, but vests in the defendant the title, as against all persons not excepted by the statute of limitations.    This statute was passed in 1857.    It is in the Revised Statutes of 1855, without an enacting clause, and for that reason was re-enacted in 1857.   The State is not excepted from this statute of limitations, but is expressly named in the statute as being comprehended within its provisions.    (See Revised Code 1855, p. 1049, § 9, art. II, of the above act.)

In chapter 191 of the General Statutes of 1865, section 6, p. 746, it is provided that " nothing contained in any statute of limitations shall extend to any lands given, granted, sequestered or appropriated to any public, pious or charitable use, or to any lands belonging to this State." It will be observed that this section is prospective, and does not apply to " any actions commenced, nor to any cases where the right of action. or of entry shall have accrued, before the time when this chapter takes effect, but the same shall remain subject to the laws then in force." (Gen. Stat. 1865, ch. 191, § 32.)

So, whether the title to the land in dispute was vested in the State or county, it was subject to the bar of the statute of limitations of 1857.   The decree against the county of Wayne was properly excluded, as the county had no title upon which such a proceeding could operate.   A court of equity will not interfere to correct or aid the execution of a statutory power; but as no objection of this kind was made in that proceeding, we give no opinion as to what the effect of the decree might have been if there had been any title in Wayne county when the decree was rendered.

The judgment of the Circuit Court is reversed and the cause remanded.   Judge Wagner concurs.