Wickersham v. Woodbeck.

————o————

| 57 | 59 |
|---|---|
| 98 | 425 |
| 57 | 59 |
| 101 | 228 |
| 57 | 59 |
| 51a | 180 |
| 57 | 59 |
| 176 | 470 |

MARY WICKERSHAM Respondent, *vs.* A. C. WOODBECK, Appellant.

1. *Register of lands—Official character of, how established.*—It is not necessary in order to establish the official character of the Register or Receiver of Lands of the State, that anything more be proven than that they acted in the offices which they assumed.

2. *Land Titles—Register of Lands—Receipt by, passes what title.*—The receipt of the Register and Receiver for the purchase money of land, is evidence that the State has passed at least its equitable title, although no patent has issued.

3. *Limitations, statute of—Land vested in the State.*—Land vested in the State of Missouri while the act of 1857, (Sess. Acts 1856-7, p. 78, § 9,) was in force was subject to the bar of the statute of limitations.

### *Appeal from Cedar Circuit Court.*

*R. F. Buller*, for Appellant.

*W. D. Huff*, for Respondent.

NAPTON, Judge, delivered the opinion of the court.

This is an action of ejectment for forty acres of land in Cedar County. The land in controversy is a portion of the lands acquired by the State under the Act of Congress of Sept. 4th, 1841, entitled " An act to appropriate the proceeds of the sales of public lands and to grant pre-emption rights."

The plaintiff had a patent from the State dated Oct. 10th, 1867, reciting a purchase on the 3rd day of Oct. 1867. The answer set up the statute of limitations. The answer further set up as a .defense, that on Feb. 13th, 1860, one N. J. Jones was receiver and James S. Jones was register of the State Land Office at Springfield, Mo., and that on said day one David Lindley purchased from them as agents of the State, the land in controversy at the price of fifty dollars or $1.25 per acre ; that the said Lindley paid the purchase money and received from said register and receiver a duplicate receipt therefor and certificate of location thereof, and immediately thereafter took possession of the same, claiming title thereto, and remained in visible, open and notorious possession thereof,until the 18th day of October 1867,when he sold the land to defendant for $280, which defendant paid in cash, and immediately went into possession and has remained in possession ever since up to the time of commencing this action.

The case was tried at the May Term, 1872 of the Circuit Court of Cedar County. The plaintiff introduced the patent from the State in 1867, and rested. The defendant then offered in evidence, a paper purporting to be a duplicate receipt and certificate of location of the land in controversy, dated Feb. 13th, 1860, and signed by the register and receiver of the State Land Office at Springfield, with proof that the signatures were genuine and that the officers signing it were State officers or acted as such at that time. These duplicates were as follows :

State Land Office at Springfield, Mo., Feb. 13th, 1860.

Received of David J. Lindley of the County of Cedar, State of Missouri, one hundred dollars and — cents, being in full for the S. W. qr. of S. E. qr. and S. E. qr. of S. W. qr. of section No. 7, township No. 33, range No. 28, containing 80 acres and — hundredths at $1.25 per acre. Signed

N. J. Jones,
Receiver.

"I do hereby certify that I have sold to David J. Lindley the S. W. qr. of S. E. qr. and S. E. qr. of S. W. qr. of section No. 7, township No. 33 of range No. 28, as the foregoing receipt specifies, and that the foregoing is the receiver's receipt for the purchase of the same. Signed

James S. Jones,
Register.

This evidence was excluded by the court, on the ground that the official character of the State register and receiver could not be established by parol evidence, and that the duplicate was not the proper evidence of an entry at the land office.

The defendant then offered to prove that Lindley had taken possession of the land and made improvements on it in 1860, and been in possession until 1867 when he sold to defendant who had been in possession ever since, and made valuable improvements on the land without notice of plaintiff's claim. But this evidence was excluded on the ground that the statute of limitations did not run against the State. The plaintiff had a verdict and judgment.

We are unable to conjecture upon what ground the court excluded the duplicate receipts of the register and receiver. Whether the title acquired by them would avail against a subsequent patent is another question, but it is clear that the receipt should have been admitted in evidence. The proof of the genuineness of the signatures was ample, and it is not necessary in order to establish their official character that anything more should be shown than that they acted in the office which they assumed.

Our statute recognizes receiver's receipts as a title sufficient to sustain an ejectment against any one not having a better title; and their admissibility is beyond dispute. Their duplicate receipts are the only evidences of title which the purchaser from the State can receive on his application to buy. The purchaser has no control over the land officers, or their acts subsequent to an entry. The government appoints them and if they are false to their trust, it is abhorrent to **every**

principle of justice that those who deal with them should suffer by their failure to comply with their duty. The register's and receiver's receipt is evidence that the State has passed the title, although the formality of a patent is wanting. The equitable title is at least passed, for the purchase money is paid, and the State cannot transfer her title, which is a mere naked legal title, to another.

The statute of limitations was also interposed in this case, and the court excluded all evidence of adverse possession, on the ground that the State was not within the statute. This question has been examined and disposed of in two cases decided by this court. (Abernathy vs. Dennis, 49 Mo., 469, and School Dist. of St. Charles Township vs. Georges, 50 Mo., 195. See also, Burch vs. Winston, next case in this volume.)

The judgment is reversed and the cause is remanded; the other judges concur.