Burch v. Winston, et al.

————o————

O. G. Burch, Defendant in Error, *vs.* T. M. Winston, *et al.*, Plaintiff in Error.

1. *Limitations, statute of—Land vested in the State.*—Land vested in the State of Missouri while the act of 1857 (Sess. Acts, 1856-7, p. 78, § 9) was in force, was subject to the bar of the statute of limitations; and in an action by one holding under the State to recover such land, it might be pleaded, although suit was brought subsequent to the act of 1865. (Gen. Stat., 1865, p. 746, § 7.)

*Error to Cole Circuit Court.*

*E. L. Edwards & Son,* for Plaintiff in Error.

*E. L. King & Bro.,* for Defendant in Error.

Vories, Judge, delivered the opinion of the court.

This was an action of ejectment, brought by the plaintiff in the Cole Circuit Court, on the 19th day of November, 1869, to recover from the defendants a lot of land in Jefferson City, known as inlot eight hundred and thirty-one.

The petition was in the usual form.

The defendants by their answer denied the allegations of the petition, and then set up the statute of limitations, charging that neither plaintiff, his ancestors, predecessors, grantors or persons under whom he claims, was seized or possessed of the premises described in plaintiff's petition, within ten years before the commencement of the action. The defendants also set up a further special plea which we need not notice, as with any view of the case the whole controversy depends on the plea of the statute of limitations. The plaintiff replied denying the new matter set up in the answer.

On the trial of the cause, the plaintiff offered in evidence a deed from Daniel Rice, as commissioner of the permanent seat of government, purporting to convey the lot in controversy to the plaintiff. This deed purported to have been executed on the 8th day of June, 1868.

The defendants objected to this deed, for the reason that said Rice had no authority to sell said lot. The court overruled the objection, and admitted the deed in evidence—to which the defendant excepted. As no objection is made to the form of the deed, it need not be set out here.

It was admitted by the defendants, that the lot in controversy was a part of the land donated by the United States to the State of Missouri, for a permanent seat of government.

The plaintiff then introduced defendant, Winston, as a witness in the case, whose evidence was in substance, that the lot sued for had been enclosed by him, and in its present condition was worth to him one dollar per month. On cross-examination he stated that he fenced the premises by the permission of defendant Young, and had the same in his possession for eleven or twelve years; that it would be twelve years in November, 1869; that he had it in cultivation during all of that time; that the rent of the lot would not be worth anything if it were not fenced. He further stated that he paid no rent for the lot; that at the time he took the possession of the lot it was unoccupied; that he held the lot during the time before stated, under Judge Young.

The defendants then offered in evidence a deed dated in 1866,

purporting to have been executed to defendant Young and one Wells, by the collector of revenue of Cole County, upon a sale of the premises for taxes, commonly called a tax deed. This deed was objected to by the plaintiff, and the deed excluded by the court, to which the defendants excepted. It was then proved that the lot in controversy had been assessed to Young in the year 1868; that he had refused to pay the taxes, saying that the lot did not belong to him.

The defendant, in order to explain how it happened that he said in 1868 that the lot did not belong to him, offered to prove that he had employed an attorney in the year 1868, to write a deed conveying the lot to one White, to whom he said he had sold the lot, so as to have the deed ready to tender to said White. This evidence was objected to by the plaintiff, the objection was sustained by the court, and the defendant excepted.

There being no further evidence offered on either side, the court, at the request of the plaintiff, instructed the jury as follows:

"1st. If it appear to the jury that the lot in question was given to the State of Missouri by the United States, and that by deed of date 8th day of June, 1868, the Commissioner deeded said lot to plaintiff, they will find that the plaintiff is entitled to the possession of the lot, and they will find further from the evidence what damages plaintiff has sustained by reason of the detention of said lot—also they will find from the evidence the value per month of the rents and profits of said lot."

"2nd. The jury are instructed that all evidence offered by the defendants as to their claim of title and their possession of the lot, is excluded from their consideration."

The defendants at the time objected to these instructions and excepted.

The jury then returned a verdict in favor of the plaintiff, after which the defendants, in proper time, filed their motion to set aside the verdict and grant them a new trial, assigning as grounds for said motion, the ruling of court before excepted

to. The court overruled their motion, and rendered final judgment on the verdict, to which the defendants again excepted, and have brought the case here by writ of error.

It will be seen from the foregoing statement of the facts appearing on the record in this case, that the Circuit Court in trying the case, wholly ignored the defense of the statute of limitations as set up, and attempted to be proved by the defendants, excluding all evidence in reference thereto. And the only question necessary to be examined in this court is as to the correctness of the rulings of the court on that subject.

It is insisted by the plaintiff, that the statute of limitations does not run against the State or against property belonging to the State, and that, consequently, the statute could not run in this case against the plaintiff, until after his purchase of the lot in 1868. This seems to have been the view of the court trying this case, as its action in excluding all evidence in reference to the possession of defendants, and tending to sustain the defendants' defense of the statute of limitations, cannot be accounted for on any other supposition.

By the ninth section of the 2nd Article of the Act of 1857, prescribing the times of commencing actions, it is provided as follows: "§ 9. The limitation prescribed in this act shall apply to actions brought in the name of this State, or for its benefit, in the same manner as to actions by private parties." (Sess. Acts 1856–7, p. 78.) This statute was in force at the time that the defendants took possession of the lot in controversy. It is true that section 7 of chapter 191, Gen. Stat. 1865, p. 746, provides that, "nothing contained in any statute of limitations shall extend to any lands given, granted, sequestered or appropriated to any public, pious or charitable use, or to any lands belonging to this State." The 32nd section of the same chapter provides that, "the provisions of this chapter shall not apply to any actions commenced, nor to any cases where the right of action or of entry shall have accrued before the time when this chapter takes

effect, but the same shall remain subject to the laws then in force."

It has been held by this court in a number of cases, that where the right of action accrued before the taking effect of this last named act, the statute of limitations was a good plea, even as against the State. (Abernathy vs. Dennis, 49 Mo., 468; School Directors vs. Georges, 50 Mo., 194, also see the preceding case of Wickersham v. Woodbeck.)

These cases are conclusive in reference to the issues made on the statute of limitations. In this case, the right of action accrued before the act of 1865, and the case must be governed by the act of 1857. The evidence in the case strongly tended to prove that the defendants had been in actual possession of the lot, for more than ten years before the commencement of the suit, under a claim of title or right thereto. The court therefore erred in excluding from the jury the evidence which tended to prove this adverse possession. The issues made on the plea of the statute of limitations should have been submitted to the jury under proper instructions.

The judgment is reversed and cause remanded. The other judges concur.