The St. Louis, Iron Mountain & Southern Railway Company v. McGee.

---

THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY v. McGEE, *Appellant.*.

1.   Cairo & Fulton Railroad Lands: CONGRESSIONAL GRANT: FORFEITURE. The act of Congress of February 9th, 1853, granted certain lands to the States of Arkansas and Missouri for the purpose of aiding in the construction of the Cairo & Fulton Railroad, subject to the condition that the lands should revert to the United States if the road should not be completed within ten years. 10 Stat. at. Large 155. The road not having been completed, on the 28th of

June, 1866, Congress passed an act declaring that the act of 1853 " with all the provisions therein made, be, and the same is hereby revived and extended for the term of ten years from the passage of this act, and all the lands therein granted, which reverted to the United States under the provisions of said act, be and the same are hereby restored to the same custody, control and condition, and made subject to the uses and trusts in all respects as they were before and at the time such reversion took place," (14 Stat. at Large 338); *Held*, that the act of 1866 was not such a legislative declaration of forfeiture as would divest the State of the title granted by the act of 1853. It was rather the intention to waive the right of forfeiture accruing under that act.

2. ———: LIMITATIONS. Where an act of Congress operates a grant *in praesenti*, (as did the above act of 1853,) the statute of limitations begins to run in favor of an occupant and against one claiming under the act, from the date of the former's entry.

3. ———: ———. The running of the statute of limitations as against one claiming under the above act of 1853 was not suspended by the enactment of section 7, page 746, General Statutes, Missouri, 1865.

*Appeal from Stoddard Circuit Court.*—HON. R. P. OWEN, Judge.

REVERSED.

*Ewing & Hough* for appellant.

*Smith & Krauthoff* for respondent.

HOUGH, J.—This is an action of ejectment. The plaintiff recovered judgment, and the defendant has appealed to this court.

The following agreed statement was read at the trial: (1) The land sued for in this suit was a part of the lands granted by act of Congress, dated February 9th, 1853, to aid in building a railroad from a point on the Mississippi river opposite the mouth of the Ohio river, via Little Rock, to Fulton, Arkansas. (2.) Said land was sold to defendant by the Cairo & Fulton Railroad Company, a corporation duly organized under and by virtue of the laws of the State of Missouri, by a deed of conveyance in due

form of law, January 3rd, 1859. Said deed was duly recorded in the office of the clerk of the circuit court of Stoddard county, Missouri, January 10th, 1859. (3) Defendant has lived and resided upon said land continuously from the date of purchase, using and cultivating the same as his own up to the institution of this suit, and has paid all the taxes and assessments made against said land since the date of his purchase. (4) Said land is included in the patent issued from the United States to the plaintiff in this suit, dated January 23rd, 1877.

The lands granted to the State of Missouri by the act of Congress of February 9th, 1853, were by the 3rd section of the act of the General Assembly of the State of Missouri of February 20th, 1855, granted to the Cairo & Fulton Railroad Company. On the 7th day of January, 1867, the Cairo & Fulton Railroad was conveyed by the State to McKay, Reed & Co., under and by virtue of the provisions of the act of February 19th, 1866. Thomas Allen having subsequently acquired their title to this road and its appurtenances, he and his associates, on the 23rd day of April, 1872, incorporated themselves under the act of March 20th, 1866, as " The Cairo, Arkansas & Texas Railroad Company." This company was afterward consolidated with the " St. Louis & Iron Mountain Railroad Company," under the name of "The St. Louis, Iron Mountain & Southern Railway Company." The Cairo & Fulton Railroad was constructed as projected, and on the 23rd day of January, 1877, a patent issued to the plaintiff for the lands in controversy, together with others of the same class. This constitutes the title of the plaintiff.

The lands in controversy are more than forty miles from the starting point of the Cairo & Fulton Railroad on the Mississippi river, and it does not appear that a sufficient number of miles of said road had been constructed at the date of defendant's purchase, to authorize a sale of said land under the act of Congress of February 9th, 1853.

The Cairo & Fulton Railroad not having been com-

APRIL TERM, 1882                525:

The St. Louis, Iron Mountain & Southern Railway Company v. McGee.

pleted within the time prescribed in the 5th section of the

**1. CAIRO & FULTON RAILROAD LANDS: congressional grant: forfeiture.** act of Congress of February, 1853, Congress· passed an act on July 28th, 1866, to revive· and extend the provisions of the act of Feb-ruary 9th, 1853, which declared that said act, "with all the provisions therein made, be, and the same is hereby revived and extended for the term of ten years from the passage· of this act; and all the lands therein granted, which re--verted to the United States under the provisions of said. act, be and the same are hereby restored to the same cus-tody, control and condition, and made subject to the uses· and trusts in all respects as they were before and at the· time such reversion took effect."

.    This act was not such a legislative declaration of for--feiture as would divest the State of the title granted by the act of February 9th, 1853. The purpose of the act was not to enforce a forfeiture of the estate granted by the act of 1853, but to waive any right of forfeiture which existed in favor of the United States at. the time of the· passage of the act of 1866, and to extend the time for the· Cairo & Fulton road for the. period of ten years from the·· passage of said last mentioned act.

As the act of Congress of February 9th, 1853, oper-- ated as a grant *in praesenti*, and the issuance of a patent·

**2. ——— : limita-tions.** was unnecessary to invest the State with the· legal title to the lands therein designated, the· statute of limitations began to run against the State and the Cairo & Fulton Railroad Company and all persons claiming title under said grant to the State, from the time· the defendant entered into the possession of said land in 1859. The cases of *Gibson v. Chouteau,* 13 Wall. 92, and *Smith v. Madison,* 67 Mo. 694, are inapplicable to a case· like the present. .

Nor was the running of the statute suspended by the enactment of section 7, chapter 191, General Statutes 1865.

**3. ——— : ———.** *Abernathy v. Dennis,* 49 Mo. 469 ; *School Dis-trict v. Goerges,* 50 Mo. 195 ; *McCartney v. Alderson,* 54 Mo.·

320; *Wickersham v. Woodbeck,* 57 Mo. 59; *Burch v. Winston,* 57 Mo. 62.

Upon the agreed statement of facts, therefore, the defendant was entitled to judgment, and the judgment of the circuit court will be reversed. The other judges concur.