CONNECTICUT MUTUAL LIFE INSURANCE COMPANY, *Appellant*, v. THE CITY OF ST. LOUIS *et al.*

1. **Limitations**: EXEMPTIONS : STATUTE. Section 3227 of the Revised Statutes of 1879 ( G. S. 1865, p. 706, sec, 7 ) exempting lands given, granted, sequestered or appropriated to any public, pious or charitable use, or lands belonging to the state, from the operation of any statute of limitations, does not apply to cases where the right of entry had accrued before it was enacted.

2. ———: MUNICIPAL CORPORATIONS : INJUNCTION. The statute of limitations runs against a municipal corporation, as to land granted for a public use, where its right accrued prior to the enactment of Revised Statutes of 1879, section 3227. Injunction will lie to restrain a city from removing, without compensation, a building projecting into a street, where it was erected and the street opened and made to conform to it prior to the enactment of said section.

*Appeal from St. Louis City Circuit Court.*—HON. SHEPARD BARCLAY, Judge.

REVERSED AND REMANDED.

*Dyer, Lee & Ellis* for appellant.

(1) The admitted, undisturbed, peaceable, open and notorious possession and enjoyment of the premises in controversy by the appellant and those under whom it derives title in this suit, claiming title thereto for a period of forty-five years, not only gave the appellant perfect title thereto, but made it unlawful for the respondents to interfere with that possession by tearing down that part of the building projecting upon the sidewalk of Market street. The statutes of limitation in this state prior to the year 1865 operated not only against individuals, but against the state and all of the subdivisions of the state, such as counties, cities and other municipal corporations. *County v. Powell*, 22 Mo. 525; *Callaway County v. Nolley*, 31 Mo. 393; *School Directors v. Georges*, 50 Mo. 194; *McCartney, Adm'x, v. Alderson*, 54 Mo. 320; *Wickersham v. Woodbeck*, 57 Mo. 59; *Burch v. Winston*, 57 Mo. 62, *Neilson v. County*, 60 Mo. 386; *Abernathy v. Dennis*; 49 Mo. 468; *Railroad v. McGee*, 75 Mo. 522. (2) It is wholly immaterial whether the description of the premises contained in the deeds, establishing the chain of title to appellant, called for as much ground as was covered by the building situated upon said premises. Where actual possession is taken of more land than is actually called for by the deed under which possession of the whole is taken, the statute of limitations is a bar to a claim for all of the land so occupied. R. S. 1879, sec. 3223; *Bradley v. West*, 60 Mo. 33; *Griffith v. Schwenderman*, 27 Mo. 412; *Schultz v. Lindell*, 30 Mo. 310; *Cooper v. Ord*, 60 Mo. 420; *Crispen v. Hannavan*, 50 Mo. 536.

*Leverett Bell* for respondent.

(1) The power vested in the city of St. Louis to remove in a summary manner obstructions from its

streets, existed prior to the dedication of Market street. (2) The occupation by the appellant and its grantors of the obstruction, located on the street, has created in the appellant no property right, entitling it to an injunction. *People v. Pope*, 53 Cal. 437; *Lewis v. Chattanooga*, 2 Lea (Tenn.) 694; *Ferrenbach v. Turner*, 86 Mo. 416.

BRACE, J.—This is an action to restrain the city of St. Louis from removing, as an obstruction, without compensation, so much of a brick building on the south side of Market street, in said city, as projects beyond the line of said street, of which, as at present located, the plaintiff and those under whom it claims, had been in the open, notorious, peaceable, continuous and adverse possession and occupancy, claiming title thereto for more than thirty years before this suit was commenced. The building was erected in 1840. The street was dedicated in 1846, and in improving it, the city conformed the structure of the street and sidewalk to this projection, and the premises have ever since remained in the same situation in relation to the street.

The only question is, whether the city's right is barred by the statute of limitation. Revised Statutes, 1879, section 3227, provides that "Nothing contained in any statute of limitation shall extend to any lands given, granted, sequestered or appropriated to any public, pious or charitable use, or to any lands belonging to this state." This section was first enacted in 1865. G. S. 1865, p. 746, sec. 7. This section is prospective in its operation, and does not apply to cases where the right of entry had accrued before it was enacted. *School Directors v. Georges*, 50 Mo. 194; *McCartney, Adm'x, v. Alderson*, 54 Mo. 320.

As to right of entry by political subdivisions of the state or municipal corporations upon lands held for a public use, prior to the enactment of that section, the statute of limitations has been held to apply the same

as to individuals by an unbroken chain of authority. *County of St. Charles v. Powell*, 22 Mo. 525 ; *Callaway County v. Nolley*, 31 Mo. 393 ; *School Directors v. Georges, supra; McCartney v. Alderson, supra.* It has also been held in a number of cases that before the enactment of that section of the statute the plea was good even against the state. *Abernathy v. Dennis*, 49 Mo. 468 ; *Wickersham v. Woodbeck*, 57 Mo. 59 ; *Burch v. Winston*, 57 Mo. 62 ; *St. L., I. M. & S. Ry. Co. v. McGee*, 75 Mo. 522.

We find nothing in the brief of counsel or in the cases cited to weaken the force of these authorities, and nothing in the facts of this case to take it out of the principle announced in them. The possession of plaintiff and his grantors antedated the dedication and existence of this street. The city, in opening and improving it, recognized their occupancy of this part of it and conformed its improvements to such occupancy and kept them so conformed for more than thirty-five years, before action was taken to remove that part of the building projecting into the street. The public never did have the use of the part of the street so occupied. Its right has always rested in grant. The property has been bought and sold again and again upon the faith of that occupancy thus recognized. This is not the case of one who projects an obstruction into a public street, either open or in actual use, thereby creating a nuisance which lapse of time may not sanction, but that of a prior *bona-fide* occupant against a right accrued which, in justice, ought to have been asserted within the time allowed by law, and contains within it all the essentials of an equitable estoppel to the assertion of that right. However that may be, the rule of property, established by the cases cited, has been too long maintained in this state, to admit for a moment the suggestion of the

propriety of disturbing it. It is applicable to this case, and the court erred in dissolving the injunction and in dismissing plaintiffs' bill.

The judgment is, therefore, reversed and the cause remanded to the circuit court with instructions to make the temporary injunction perpetual. RAY, C. J., and SHERWOOD, J., concurring; BLACK, J., dissenting; BARCLAY, J., not sitting.