MISSISSIPPI COUNTY, *Appellant*, v. VOWELS.

1. **Adverse Possession**: DECLARATIONS BY POSSESSOR: EVIDENCE. The declarations of one in possession of land are competent to prove whether such possession was adverse or not.

2. **Statute of Limitations**: PROSPECTIVE OPERATION. Section 7, page 746, of Revised Statutes, 1865, excepting from the running of the statute of limitations lands given for public use or belonging to the state was prospective in its operation and does not apply to cases where the right of entry accrued before its enactment.

3. **Adverse Possession**: FENCE. A fence, building or other improvement is not essential to constitute adverse possession.

*Appeal from Mississippi Circuit Court.*—HON. J. D. FOSTER, Judge.

AFFIRMED.

*J. J. Russell* for appellant.

(1) It is admitted that this land was, prior to defendant's possession, school lands held by plaintiff

for the use and benefit of the public schools. (2) The defendant claims the land by limitation. The statutes of limitation do not run against lands held for school purposes. R. S., sec. 3227. (3) To successfully plead limitation, defendant must show actual and adverse possession for more than ten years. It does not appear that he held adverse to this plaintiff. Defendant says her husband, she thinks, paid part on the land, but to whom does not appear. She does not know where he got it. *Adair v. Adair*, 78 Mo. 630. To make the statutes of limitation available in any case, the party must take possession in good faith, believing and claiming the land to be his own. R. S., sec. 6117; *Crispen v. Hannovan*, 50 Mo. 536; *Hamilton v. Boggess*, 63 Mo. 233. Whether he entered in good faith, relying on his title as the legal one, is a question for the jury, and the court should have submitted it to them with proper instructions. *Gaines v. Saunders*, 87 Mo. 557. (4) If defendant could hold any of this land, it could not possibly extend beyond that of which he had actual possession, as he had no color of title, and there was in cultivation only about fifty or sixty acres of the eighty-acre tract. *Bradley v. West*, 60 Mo. 33; *McElhinney v. Krous*, 10 Mo. App. 218; *Rannels v. Rannels*, 52 Mo. 108. (5) It was error for the court to permit the sons of defendant to testify that their father bought of Peter Donnelly. Who Peter Donnelly was is not shown; whether he bought of the plaintiff, or whether he had possession. It was simply an effort of desperation in trying to show some color of title. The court should have submitted the case to the jury with proper instructions and let them pass upon the facts in the case.

*Marshall Arnold* for respondent.

(1) It was proper for the court to instruct the jury to find for the defendant as was done in this case.

The question presented was one of law and not of fact. (2) For, so far as concerns the sixty-five acres of land actually cleared and occupied by respondent, she would hold even if she had no color of title, and the original possession was acquired tortiously. *St. Louis v. Gorman*, 29 Mo. 593; *DeGraw v. Taylor*, 37 Mo. 310; *Huckshorn v. Hartwig*, 81 Mo. 648. But color of title need not be in writing, but may be created by act *in pais*. *Rannels v. Rannels*, 52 Mo. 109; *Cooper v. Ord*, 60 Mo. 108; *Hamilton v. Boggess*, 63 Mo. 233. In this case Henry Vowels had color of title. (3) The plea of the statute of limitations cannot be successfully urged against the county, for the respondent's entry relates back to January or February, 1864. If the statute runs at all, it runs from that time. *Gray v. Givens*, 26 Mo. 291. Under the law prior to 1865, the statute of limitations was available against a county. *St. Charles County v. Powell*, 22 Mo. 525; *School Directors v. Georges*, 50 Mo. 194.

BRACE, J.—This is an action in ejectment instituted in December, 1883, to recover the west half of the northwest quarter of section 16, township 26, range 17; in Mississippi county. The facts are undisputed. The tract was a part of the school lands of said county. The defendant is the widow of Henry Vowels who died in 1867. In the early part of the year 1864, Henry Vowels moved upon this tract, which was timber land and in a state of nature, built a house, cleared and inclosed all of it, that was susceptible of cultivation, about sixty acres, and with his family continued from that date to reside upon and cultivate the inclosed land, using the uninclosed woods land in connection therewith for rails and wood, up to the time of his death, and since his death his widow, the plaintiff, and her minor children have continued to so reside upon, use and occupy said land uninterruptedly until this suit was brought. Vowels in his lifetime claimed to have

bought the land from one. Donnelly or his heirs. The land before being improved was worth four or five dollars per acre. The value of the improvements put upon it by Vowels was about one thousand dollars. At the time of his death it was worth less than fifteen hundred dollars. At the close of the evidence the court instructed the jury that under the pleadings and evidence the plaintiff could not recover, whereupon the plaintiff took a nonsuit, and the court afterwards refusing to set the nonsuit aside, the plaintiff appealed.

I. There was no error in the admission of the declaration of Vowels, deceased, that he had purchased the land. '' The tendency of recent adjudications is to admit explanations of a possessor of property as to his title, not with a view to set up such title, but to show whether his possession was adverse under the statute of limitations or otherwise.'' *Martin v. Bonsack*, 61 Mo. 556.

II. The entry of Vowels was made under the statute of 1847 ( 2 R. S. 1855, chap. 103, art. 1 ), and it has been repeatedly held that that statute runs against the legal title of the state, a county and a municipality to lands held for public use, and that the statute of 1865 ( R. S. 1879, sec. 3227 ) is prospective in its operation and does not apply to cases where the right of entry accrued before it was enacted. *County of St. Charles v. Powell*, 22 Mo. 525; *Callaway County v. Nolley*, 31 Mo. 393; *Abernathy v. Dennis*, 49 Mo. 468; *School Directors v. Georges*, 50 Mo. 194; *McCartney, Adm'x, v. Alderson*, 54 Mo. 320; *Wickersham v. Woodbeck*, 57 Mo. 59; *Conn. Mut. Life Ins. Co. v. St. Louis*, 98 Mo. 422.

III. For a period much longer than required to confer title under the statute of limitations, before this suit was brought, Vowels and his family were in the peaceable, open, notorious, continuous, exclusive, adverse possession of the premises, residing upon it, cultivating the sixty acres that were inclosed, and using

the remaining outlying woods land not susceptible of cultivation in connection with the inclosed land as a homestead, making just such use of it, as it was adapted to and as was necessary, usual and customary to owners of homesteads, who like him had no other land. Such use constituted an occupation of the tract of land, as a whole, and we do not think the court erred in holding that the defendant's claim ought not to be restricted to the land actually inclosed with a fence. "A fence, building or other improvement is not essential to constitute adverse possession." *Leeper v. Baker*, 68 Mo. 400, and cases cited. The use made of the outlying woods land in this case was such a necessary adjunct to the enjoyment of the inclosed land, and was necessarily so continuous and incessant, as that it may be said to have been actually occupied in as full a sense as was the inclosed land. The judgment of the circuit court is affirmed. All concur.