THE STATE OF MISSOURI, Respondent, v. C. O. WARNER, Appellant.

Kansas City Court of Appeals, November 14, 1892.

1. **Roads and Highways:** ACQUIRED BY USER. Ten years' adverse occupancy and use of a road by the public is sufficient, if acquiesced in by the owner, to vest in the public an easement in the road and cause it to become a highway.

2. ――――: EASEMENT OF, NOT DIVESTED BY LIMITATION. The appropriation of land for a public road though wrong in the first instance does by long adverse occupancy thereof of the public and acquiescence therein of the owner ripen into a vested legal right in the public of which it cannot be deprived by the operation of any statute of limitations, which by sections 6772, Revised Statutes, 1889, does not extend to any lands given, granted, sequestered or appropriated to the public, etc., use or belonging to the state.

*Appeal from the Linn Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*O. F. Libby* and *A. W. Mullins*, for appellant.

(1) As shown by the record in this case the tract of land owned by defendant, and upon which the road

in question, in part, is claimed by the prosecution to have been established by use on the part of the public and acquiescence by the owners of the land, and which road is alleged in the information to have been obstructed by defendant by fencing up and including in his inclosure a few feet on the west side thereof, is military bounty land, and with respect to which, from August 1, 1866, to November 1, 1889, the statute of limitations of two years was applicable. General Statutes, 1865, ch. 191, sec. 1, pp. 745-6; 2 Wagner's Statutes, 1872, p. 915; 1 Revised Statutes, 1879, sec. 3219, p. 543; *Cooper v. Ord*, 60 Mo. 420; *Bradley v. West*, 60 Mo. 33; *Bushey v. Glenn*, 17 S. W. Rep. (Mo.) 969. (2) If by reason of the user of the strip of land on the east side of defendant's farm by the public as a road or a highway for a sufficient length of time to give the public a permanent easement and right of way over the same, and if it be a fact that defendant did fence up some part of the west side of such road and kept the same so inclosed, yet if the defendant thereafter occupied and used it as a part of his farm, and held it for himself and adversely "to all the world" for two years and more prior to November 1, 1889, the statutory period of limitations, then the rights of the public became thereby extinguished, and those of the defendant absolute and exclusive. *Biddle v. Mellon*, 13 Mo. 335; *Nelson v. Brodhack*, 44 Mo. 569; *Fugate v. Pierce*, 49 Mo. 441; *Fulkerson v. Mitchell*, 82 Mo. 13; *Gardner v. Terry*, 99 Mo. 223, 226; *Bushey v. Glenn*, 17 S. W. Rep. (Mo.) 969. (3) The road in question was not established by any proceedings authorized by statute, nor by the owner of the land dedicating it to the public, but if at all it was by long use of the land as a road by the public, acquiesced in "by the owner, and adverse occupancy and use of same" for the period of time equal to that prescribed by the statute of limita-

tions for bringing actions of ejectment. *State v. Walters*, 69 Mo. 463; *State v. Young*, 27 Mo. 259; 3 Kent's Commentaries [9 Ed.] side p. 442, top p. 576. And while such is the rule of law with respect to the acquisition of the easement by adverse occupancy and use of the land as a public road, the reoccupation of such land by the owner of the tract of which it forms a part, and the actual, adverse, exclusive, continuous and uninterrupted possession of it by him for the same length of time that would bar an action of ejectment absolutely extinguishes the easement, as to the right of way for the public, and restores the owner of the land to the full and exclusive right thereto. *State v. Young*, 27 Mo. 260; *Brown v. Railroad*, 20 Mo. App. 427; *Welsh v. Railroad*, 19 Mo. App. 127, 133; 7 Cent. Law Jour. 126, sub-head "abandonment," 2 Greenleaf on Evidence, sec. 660.

*F. M. Bresnehen* and *C. C. Bigger*, for respondent.

(1)   It is the settled law of this state that public roads may be established, and the public acquire the right to use the same, on the lands of another, by use and adverse occupancy, acquiesced in by the owner of the land, for a period of ten years. *State v. Walters*, 69 Mo. 463; *State v. Wells*, 70 Mo. 637; *Zimmerman v. Snowden*, 88 Mo. 218; *State v. Proctor*, 90 Mo. 334. (2)   The right of the public to a road established by use and adverse occupancy for a period of ten years or more can be lost to the public only by an order from the proper authority discontinuing the same, or by non-user or adverse occupancy for ten years continuously. Revised Statutes, 1879, sec. 6987; Revised Statutes, 1889, sec. 7847; *Brown v. Railroad*, 20 Mo. App. 427; *State v. Rhodes*, 35 Mo. App. 360; *State v. Walters*, 69 Mo. 463; *State v. Gilbert*, 73 Mo. 20.    (3)   Defendant's

demurrer to the evidence of the state on the ground that the land in question was military bounty land was properly overruled for the reason that nothing contained in any statute of limitation shall apply to any lands given, granted, sequestered or appropriated to any public, pious or charitable use, or to any land belonging to this state. General Statutes, 1865, sec. 7, p. 746; Revised Statutes, 1879, sec. 3227; Revised Statutes, 1889, sec. 6772; *Ins. Co. v. City of St. Louis,* 98 Mo. 422; *Mississippi Co. v. Vowels,* 101 Mo. 225.

SMITH, P. J.—The defendant was prosecuted and convicted in the circuit court of Linn county, upon an information for obstructing a public road. It appears from the uncontradicted evidence that the defendant, who has appealed here, was the owner of the northwest quarter of section 13, township 57, range 21, which was· "military bounty land." It further appears that there was a public road running north and south along the west side of defendant's land, and that in the year 1884 the defendant so erected a post and wire fence as to inclose within his farm a strip of said road from eight to twelve feet wide on the west side thereof, and that the same remained continuously so inclosed to the time of the filing of the information in 1891. There was evidence introduced tending to show that the road, a part of which had been so inclosed by the defendant, had been used, traveled and worked by the road overseer. as a public road from the year 1870 to the time the defendant built the wire fence therein in the year 1884.

The defendant. asked and the court refused to give an instruction, telling the jury that, if they believed from the evidence that defendant's fence, as described in the information, had been erected where it was at

the time the information in this case was preferred against him, for more than two years prior to the first day of November, 1889, and that he had, for more than two years prior to that date, occupied the land upon which such fence was erected and the farm inclosed by such fence as his own absolutely and adverse to the public, then and in that event this prosecution was barred by the statute of limitations at the time this prosecution was begun, and you will find the defendant not guilty. The decisive question in the case, therefore, arises out of the action of the court in the refusing of this instruction.

In 1847 the legislature declared by statute that no action for the recovery of lands should be commenced by any person unless it appeared that the plaintiff, his ancestor, predecessor, grantor or other person, or the person under whom he claimed, was seized or possessed of the premises within ten years before the commencement of the action. Acts, 1848, p. 94; Revised Statutes, 1855, p. 1045. This general rule of limitation, as to real actions, remained upon the statute book unchanged until 1865, when the legislature added an exception thereto to the effect that, in case of military bounty lands, such actions should be commenced within *two years*. General Statutes, 1865, sec. 1, pp. 745-6. The section thus amended continued in force until the revision of 1889, when the exception was omitted from it, which left it as it was first enacted in 1847. Revised Statutes, 1889, sec. 6764. It is the limitation contained in this exception which defendant has invoked.

It seems that the doctrine of the adjudged cases in this state now is that "the public may acquire the right to the use of a road or easement on the land of another when, from long use thereof as such by the public, acquiesced in by the owner, and adverse occu-

pancy and use of the same for a period of time equal to that prescribed by the statute of limitations for bringing actions of ejectment.'' So, that ten years' adverse occupancy and use of a road by the public would be sufficient, if acquiesced in by the owner, to vest in the public an easement in the road, and cause it to become a highway. *State v. Wells,* 70 Mo. 635; *State v. Walters,* 69 Mo. 463; *State v. Keeland,* 90 Mo. 337; *State v. Ramsey,* 76 Mo. 398; *Price v. Brecken-ridge,* 92 Mo. 378; *Zimmerman v. Snowden,* 88 Mo. 221; *Matthews v. Railroad,* 26 Mo. App. 75; *Brown v. Railroad,* 20 Mo. App. 427.

The defendant's instruction, in effect, concedes that the public had acquired an easement over his land before the period of adverse user thereof, claimed by him, so that we must regard that matter not open to question in the consideration of the defendant's appeal. The public right to the use of the road being thus recognized and established, the question which we must now decide is whether it has been lost by the public and reacquired by the owner of the fee by reason of the erection and maintenance of the wire fence for the statutory period of two years. We do not think any statute of limitations, whether of two or ten years, can be invoked or made applicable in a case of this kind, for the reason, that by the provisions of another statute which was first enacted in 1865, and has ever since been in force, it was expressly declared that, ''Nothing contained in any statute of limitations shall extend to any lands given, granted, sequestered or appropriated to any public, pious or charitable use, or to any lands belonging to this state.'' General Statutes, 1865, sec. 7, p. 746; Revised Statutes, 1879, sec. 3227; Revised Statutes, 1889, sec. 6772. The land of the defendant, over which the road in question ran, including so much thereof as the defendant had inclosed

by the wire fence, had been appropriated to public use. *Railroad v. Railroad*, 2 Gray, 135; *Eidmiller v. Wyandotte City*, 2 Dillon, 576. The appropriation, though wrongful in the first instance, had, by the long adverse occupancy thereof of the public, and acquiescence therein of the defendant and those under whom he claimed, ripened into a vested legal right in the public of which it could not be deprived by the operation of any statute limitation. *State v. Culver*, 65 Mo. 607; *School Directors, etc., v. Georges*, 50 Mo. 194; *Abernathy v. Dines*, 49 Mo. 468; *Wickersham v. Woodbeck*, 57 Mo. 59; *Burch v. Winston*, 57 Mo. 62; *McCartney, Adm'x, v. Alderson*, 54 Mo. 320.

In *Brown v. Railroad*, 20 Mo. App. 427, the remark is made by Judge Philips, who delivered the opinion of the court, that "no act or adverse user of the road by a wrongdoer for a period less than ten years, could alter its legal status or the rights therein of the public." This would seemingly imply that acts of adverse user by a wrongdoer for a period of ten years could alter its legal status or the rights of the public therein. The point which we have been considering was not involved in that case, or if it was the attention of the learned judge was not called to the statute which we think must dominate this case. There is nothing in *Welsh v. Railroad*, 19 Mo. App. 127, that militates against the view we have expressed. It, therefore, follows that the instruction of which defendant complains was properly refused.

The other points suggested in the brief of counsel for defendant have been considered and found without merit.

The judgment will be affirmed. All concur.