Dear Mr. Brunner:
This opinion letter is in response to your question asking whether the words "strikes the same" and "strikes the Mississippi River" as used in Sections 46.131 and 46.136, RSMo 1986, as those words relate to the boundaries of Pike and Ralls Counties mean the point when the line between Township 55 North and Township 56 North first strikes the west bank of the Mississippi River and, if so, whether the location of that point should be determined by the position of the river when the original government survey was made on November 22, 1816.
Pike County was first established by An Act forEstablishing the County of Pike, 1 Terr. Laws 585 (December 14, 1818). Ralls County was created by An Act Establishingthe County of Ralls, 1 Terr. Laws 650 (November 16, 1820) by taking land out of Pike County. As originally created, the boundary of Ralls County was to be reckoned "Beginning at a point in the middle of the main channel of the Mississippi river, opposite to the standard line, between townships fifty-five and fifty-six," twisting about for several calls, returning to a point on "the middle of the main channel of the Mississippi river; thence down and following the middle of the main channel thereof, to the place of beginning." 1 Terr. Laws 650, 651. As originally conceived, therefore, Ralls County was to be measured based on lines beginning and ending in the middle of the main channel of the Mississippi River.
In the years between 1820 and 1875, the Missouri legislature periodically redefined the boundary between Pike and Ralls Counties. The relevant portion of the current statutory language dates back to 1855 when the legislature adopted An Act Defining the Limits of the Several Counties inthis State, Chapter 41, RSMo 1855 (December 13, 1855). The enactment in Section 35 relating to Ralls County states in part:
 Beginning at a point in the middle of the main channel of the Mississippi river, where the prolongation east of the line, between townships fifty-six and fifty-seven, would intersect the same; . . . [here follow several additional calls] . . . thence in a direct line, to a point on the Mississippi river, where the line, between townships fifty-two and fifty-three,[1]
strikes the same; thence east, to the middle of the main channel of the Mississippi river; thence up said river, in the middle of the main channel, to the place of beginning.
(Emphasis added.) The word "strikes" strongly suggests that the measurement should be made at the first moment the line touches the river, which would be the western bank. The underscored language, however, removes any doubt. The point in question must be on the western bank rather than in the middle of the main channel because if the point were in the middle of the main channel, a call defining the next point to be in the middle of the main channel would be redundant. In land description problems, as well as statutory construction, the rule is to give effect to every clause, if possible.
The 1855 definition differs from the definition that appeared in preceding years. For whatever reason, the legislature changed the boundaries of Pike and Ralls Counties. In 1855 the legislature had the power to change the boundaries of counties. Abernathy v. Dennis, 49 Mo. 468, 470 (1872). The Missouri Constitution of 1875 altered the power of the legislature to change county boundaries. Provisions similar to the 1875 constitutional provisions survived as Article VI, Sections 1 and 4 of the current Constitution of 1945.
In both geometry and land measurement, the definition of a particular line requires either two points or a point and a direction. In the present case we are given two points. One point is the "southeast corner of section sixteen, township fifty-four, range five, west." The other point is the point at which the prolongation east of the line between townships fifty-five and fifty-six would intersect the west bank of the Mississippi River. Because the channel of the Mississippi River changes over time, the place at which the "prolongated" line intersects the river, too, has changed and will continue to change. Given that the boundary should be both fixed and ascertainable, the legislature must have intended that the point be fixed as of some particular instant in time. Because theAct Defining the Limits of the Several Counties in this State
did not specify a particular time, the problem remaining is to determine what instant the legislature intended.
As a general principle, when private parties use a watercourse as an aid to defining a boundary, they are presumed to have intended to use the location of the watercourse as it existed at the time of the grant. Farrow v. Trickey,374 S.W.2d 49 (Mo. 1963). The rule works well because the transaction affects only the parties and those claiming through them. Because at common law the parties were presumed to be present at the site of the land at the time of conveyance, they could see and readily understand the natural boundary. See
E. Coke, The First Part of the Institutes of the Laws of England *48[a](1853). Under this rule, private parties would use the location of the river at the time of the grant to determine the end point of the line between Pike and Ralls Counties.
Unlike conveyances between private parties, however, the legislature cannot be presumed to have been in Pike or Ralls County when it defined the boundaries. Nor can the rationale used to support the Farrow rule apply to legislative line drawing. In our opinion, the legislature relied upon the existing surveys of northeastern Missouri for the location of township lines and for the relative placement of the Mississippi River. Because the only survey of northeastern Missouri that contained range and township lines extant in 1855 was the official United States survey of public lands, we believe the legislature intended that the boundary between Pike and Ralls counties should be determined based upon the relative positions of the township lines and the Mississippi River as shown on the government survey of November 22, 1816.
Accordingly, it is the opinion of this office that the words "strikes the same" and "strikes the Mississippi River" mean the point when the line between Township 55 North and Township 56 North first strikes the west bank of the Mississippi River as shown on the original government survey made on November 22, 1816.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
[1] The reference to sections fifty-two and fifty-three instead of fifty-five and fifty-six, an obvious clerical error, was added to the description of Ralls County in 1855. In the original act, the boundary had been defined relative to sections fifty-five and fifty-six. The revisor of statutes noted the discrepancy in 1929. See Section 11924, RSMo 1929. The legislature changed the description to conform with the current statutory language in 1939. See 1939 Missouri Laws 634 (June 13, 1939). The current statute refers to sections fifty-five and fifty-six.